## SCHEER v. SCHLOMOWITZ.

(Supreme Court, Appellate Term. May 5, 1904.)

1. BREACH OF CONTRACT—DAMAGES—EVIDENCE.

In an action for breach of a contract by which plaintiff agreed to sell certain premises to defendant, defendant having, before the day for delivery of the deed, bought of the owners, thus preventing plaintiff from buying of them, plaintiff must, to prove damages, show the price at which he could have bought of the owners; the difference between that and what defendant agreed to pay being the measure of damages.

Appeal from City Court of New York, Trial Term.

Action by Jacob Scheer against Elias Schlomowitz. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Jacob Manheim, for appellant.
Louis A. Jaffer, for respondent.

LEVENTRITT, J. It is very questionable whether the plaintiff has any cause of action; it is clear that he proved none. He sues for damages for breach of contract. The complaint will bear no other construction. It is claimed that the plaintiff and defendant entered into an agreement in writing for the sale and purchase of certain premises for the sum of $32,000; that the plaintiff paid $1,000 by check as earnest money; that, before the time specified for the delivery of the deed, the defendant himself bought the property from the owners, rendering it impossible for the plaintiff to carry out his contract, and that, excepting for the defendant's acts, the plaintiff would have been ready, willing, and able to perform the contract; that the "defendant has wholly failed to carry out the said agreement," to the damage of the plaintiff in the sum of $2,000.

The plaintiff claims, what appears to the court as very unlikely, that he told the defendant that he had no enforceable contract for the purchase of the premises, and that he would only get such a contract on the morrow, and that thereupon the defendant agreed to purchase the property from him at $32,000. The defendant claims his agreement to purchase was made on the plaintiff's representation of the existence of a present written contract. Even if we have here an issue for the jury, the plaintiff failed to show that but for the defendant's interference he would on the morrow have secured an enforceable contract from the owners. The agent for the owners, who was the sole person with whom, concededly, the plaintiff had any dealings, testified that the plaintiff had no contract of any kind, and that he had no right or authority to make or sign any contract for the houses. It is difficult to conceive, under those circumstances, how the plaintiff can assert that he would have been ready and able to carry out the contract.

But, even if the plaintiff had surmounted this obstacle, he failed to show damage. The measure in this case is the difference between the price at which he agreed to sell to the defendant and the price at which he agreed to buy or could have bought from the owners. There is no proof as to this latter price. As stated, there was no contract; there

could therefore be no price. Evidence was given by the plaintiff to the effect that the defendant agreed he should have a profit of $3,000. But, independent of any other consideration, the action was not brought on a contract to recover this alleged stipulated profit. The theory of the case is for loss of the gains as a result of the defendant's breach of the contract to buy at $32,000. The measure in such a case is not any stipulated sum, but proven loss of profit. That was the theory on which the case was tried and submitted to the jury. The judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.