(50 Misc. Rep. 303)

O'BRIEN v. LEVINE et al.

(Supreme Court, Appellate Term. April 24, 1906.)

1. LANDLORD AND TENANT—LEASES—ABANDONMENT—DEPOSIT FOR RENT—RETENTION BY LANDLORD.

Plaintiff deposited certain money sued for to secure performance of a lease, one of the provisions of which was that, if any part of the premises should be abandoned, the landlords or their representatives might re-enter and re-let the premises as plaintiff's agents, and receive the amount, applying the same, first, to the payment of re-entry expenses, and then to the payment of the rent due; the balance, if any, to be paid to the tenant, who was liable for any deficiency. Plaintiff defaulted in the payment of rent, whereupon the landlords re-entered after plaintiff had voluntarily left the premises without cause. 'Held, that the landlords were entitled to retain the deposit until the expiration of the lease.

2. SAME—RENT—PAYMENT.

Where a lease required the tenant to "do all inside and outside repairing," the tender of a check for a month's rent, less $32 claimed for repairs, which check was immediately returned by the landlords, did not constitute payment of the rent.

3. SAME—LEASE—PROVISION FOR CANCELLATION—OPTION.

Where a lease recited that, in case of any default by the tenant in any of the covenants therein, the landlords should have the right to collect rents from the subtenants, and that the lease should be canceled, such provision only authorized a cancellation at the option of the landlords in case of the tenant's default.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by James O'Brien against Saul Levine and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Pollak & Deutsch, for appellants.
Guiseppe L. Maggio, for respondent.

TRUAX, J. The facts in this case are substantially undisputed. The plaintiff by written lease rented from the defendants certain premises in this city for the term of 4 years and 11 months from September 2, 1905, at an annual rental of $2,000, payable in monthly instalments of $166.66 on or before the 15th of each and every month in advance. At the same time the plaintiff deposited the sum of $333.33, to be held by the defendants "as security for the faithful performance of this lease by him. If all the conditions in this lease be performed by said tenant, said security will be returned to him at the time of the expiration of the term of this lease, with interest," etc. The lease also contained these clauses:

"Eighth. That if the said premises, or any part thereof, shall become abandoned by the tenant, the landlord or their representatives may re-enter the same, either by force or otherwise, * * * and relet the said premises as the agents of the said tenant, and receive the rent thereof, applying the same, first, to the payment of such expenses as they may be put to in re-entering, and then to the payment of the rent due by these presents; the balance, if any, to be paid over to the tenant, who shall remain liable for any deficiency. In case of any default by the tenant in any of the covenants herein, said landlords or their agent to have the right to collect rents from the subtenants, and this lease shall then become canceled. Said tenant does hereby waive any and all legal proceedings for the cancellation of this lease."

The tenant defaulted in payment of the rent for the month of October, 1905, which was due on the 15th of that month. Subsequently, and about November 1, 1905, the defendants took possession of the premises, and proceeded to collect the rents of the subtenants. On November 18, 1905, the plaintiff began this action to recover the amount of his deposit, less the rent due from October 15th to November 15th, and recovered a judgment for the difference between the sum deposited and one month's rent. The defendants in their answer pleaded a forfeiture of the security, and also that they had a right to retain the amount of the deposit until the expiration of the term named in the lease. Upon the trial the claim of forfeiture was abandoned, and the only question presented upon this appeal is the right of the defendants to retain the deposit aforesaid until the end of the term.

Under the testimony, I am of the opinion that the contention of the defendants is correct. The defendants instituted no summary proceedings, but simply resumed possession of the premises after the plaintiff's default in payment of rent. It is claimed by the plaintiff that he was forcibly ejected from the premises by the defendants. This is not sustained by the evidence. The plaintiff on the due day sent his check, concededly for less than the amount of rent due, claiming the balance to be due him for repairs made after his term began, although the lease provided that he should "do all inside and outside repairing." This check was not payment, and was promptly returned. On October 21st the plaintiff saw Saul Levine, one of the defendants, who, he testified, told him (plaintiff):

"If I didn't give the full month's rent, I ought never to stay any more; and if I didn't go away they would try to have me arrested. They told me to go out right away, and gave notice to the tenants not to pay me."

This was substantially disputed by Levine, who testified that the plaintiff on October 22d insisted upon giving his check for $134, and

claimed allowance of a bill for repairs for $32, which was refused, and that upon November 1st Levine took possession of the premises, and began to collect the rent of the tenants.

Assuming plaintiff's testimony to be true, he was not forcibly evicted. He knew on October 15th his rent was due. Concededly, he has never paid it. After his conversation with Levine, he immediately left the premises, and did so voluntarily and without cause. By the eighth clause of the lease above quoted, the landlord had a right to re-enter the premises if abandoned, and relet the same as agents of the tenant, and it must be presumed that they are in possession of the premises in pursuance of the conditions of the lease and for the purposes therein specified. The clause in the lease reciting, "In case of any default by the tenant in any of the covenants herein, said landlord to have the right to collect rents from the subtenants, and this lease shall then become canceled," simply gives the landlord the option of declaring the lease canceled if default on the part of the tenant occurs, and does not give the tenant the right, by making a default, to then assert that the lease is canceled.

The theory upon which the courts have required the return of deposits under somewhat similar clauses contained in leases has been that such leases have been terminated, and such termination has been shown by the taking of summary proceedings, in which the issuing of a warrant "cancels the agreement for the use of the premises." Section 2253, Code Civ. Proc. Of course, in the absence of an agreement, a re-entry and reletting on the part of the landlord would operate as a surrender and acceptance of the premises (Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576), but such is not this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.