## SLATER v. BONFIGLIO et al.

(City Court of New York, Trial Term.  October 25, 1907.)

1. LANDLORD AND TENANT—LIABILITY FOR RENT AFTER DISPOSSESSION—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 2253, providing that the issue of a warrant for the removal of a tenant cancels the lease and annuls the relation of landlord and tenant, etc., the issuance of a warrant of dispossession terminates the lease and releases the tenant from further liability, in the absence of an agreement to the contrary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 763.]

2. SAME—WAIVER OF STATUTE.

The statutory provision may be waived by agreement.

3. SAME—CONSTRUCTION OF LEASE—EXPRESS COVENANTS.

Where a lease provided that in case of default in any of the covenants the landlord might resume possession by force or otherwise, and in such case the landlord might relet the premises for the account of the tenants, who agreed to make good any deficiency, including expense in reletting, and waive their right to terminate the lease under the statute, Code Civ. Proc. § 2253, exempting a tenant from future liability after dispossession, was waived, and the tenant was liable for any difference between the reserved rent and the amount received on reletting.

4. SAME—APPLICATION OF DEPOSIT FOR SECURITY.

Until the termination of the lease a sum deposited by the tenant as security for rent reserved may not be set off against a claim for a difference between rent reserved and rent received after dispossession.

5. SAME—CONSTRUCTION OF LEASE—DEPOSIT OF SUM AS SECURITY.

Under a lease for four years at a rental of $12,800 per year, a deposit of $2,200 by the tenant as security for the performance of covenants held, in view of the obligations imposed on the tenant, not so disproportionate to the rent reserved as to be a penalty, and it might be retained as security for a liability for loss of rent after dispossession, provided for in the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 746.]

Action by Samuel T. Slater against Nunzio Bonfiglio and others. Judgment for plaintiff, and defendants' counterclaim dismissed.

Katz & Greenberg, for plaintiff.

Wm. A. Goodhart, for defendants.

WADHAMS, J.  This is an action upon a covenant, contained in a lease, to recover in damages the difference between the rent reserved for the months of November and December, 1906, and the sum realized by the landlord during that time and after he had repossessed himself of the estate.  The complaint sets forth the lease, its breach, the issuance of a warrant of dispossess, re-entry, subletting, and the difference between the rent reserved and the rent collected since the dispossess, which the plaintiff claims the defendants agreed to pay under the terms of the lease, and for which judgment is prayed.  It appears by the admissions in the pleadings

and the testimony that the lease was for four years and one month, beginning August 1, 1906, at a rental of $12,800 per year, or $1,-066.66 per month, payable one-half on the 10th, and one-half on the 15th of each month. Neither installment of the rent due November, 1906, was paid, and on November 21, 1906, the landlord caused a warrant to be served and dispossessed the defendants.

The defendants contend that the rights of the landlord under the lease were terminated by the issuance and service of the warrant of dispossess, and set up a counterclaim demanding the return of money deposited to secure the fulfillment of the terms of the lease by the tenant. Section 2253 of the Code of Civil Procedure provides:

"The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant, except that it does not prevent a landlord from recovering, by action, any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises. * * * *"

It is well settled that under this statute the issuance of a warrant of dispossess terminates the lease and relieves the tenant from further liability, except for such rent as shall have accrued prior to the issuance of the warrant. Michaels v. Fischel, 51 App. Div. 274, 64 N. Y. Supp. 1007, affirmed 169 N. Y. 381, 62 N. E. 425; Roe v. Conway, 74 N. Y. 201; McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Caesar v. Rubinson, 174 N. Y. 492, 67 N. E. 58. This is a statutory provision which may be waived by agreement. As was stated in Michaels v. Fischel, reported below in 51 App. Div. 274, 64 N. Y. Supp. 1007:

"It is entirely competent for the parties to contract with a view of preserving a liability on the part of the tenant to pay rent, or to pay deficiency arising from a failure to rent the property after dispossession by summary proceedings."

And in affirming the case (169 N. Y. 381, 62 N. E. 425) Mr. Justice Vann says:

"While it was within their power to agree that the lessee should continue to pay rent after the premises had been taken away from him, owing to his own default, still a covenant to pay with no right to enjoy should be clear and unambiguous as to the event which calls it into action."

In the case at bar, the lease provides that the tenant "shall take good care of the premises" during said term, "and shall at their own cost and expense make all inside repairs of whatever nature necessary." By the eighth paragraph the parties agreed that if the premises became vacant during the term, the landlord may re-enter, either by force "or otherwise," and relet the premises as agents of the tenants, receive the rent therefor, applying the same first to the payment of such expenses as he may be put to in re-entering, and then to the payment of the rent due by the terms of the lease, "the balance, if any, to be paid over to the tenant, who shall remain liable for any deficiency." Paragraph 13:

"That, if default be made in any of the covenants herein contained, then it shall be lawful for the said landlord to re-enter the said premises and the same to have again, repossess, and enjoy. The said tenant hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in the third section of an act entitled 'An act to abolish distress for rent and for other purposes,' passed May 13th, 1846."

Paragraph 15, in case of the default in any of the covenants or conditions:

"The landlord may resume possession of the premises, by force or otherwise, and the same to have again, and repossess, and enjoy. In case of such repossession of, if the premises became vacant, or the tenants dispossessed by summary proceedings, landlord may relet the premises for the remainder of the term for account of the tenants, who agree to make good any deficiency, including the expense of the landlord in re-entering."

The tenants expressly waive all right to quit possession or terminate this lease under the statute. Paragraph 17:

"The tenants have simultaneously with the execution of this lease deposited with the landlord the sum of $2,200, to be held by the landlord or his assigns as security for the rent herein reserved, and for the faithful performance by the tenants of each and every one of the covenants, conditions and agreements in the lease contained, during the entire term herein demised."

"It is further understood and agreed that the sum so paid shall be additional security for the liability for any rent that may be accrued under this lease at the time of the said breach or violation, and also additional to the liability for any rent or sums regarded as rent that may accrue under this lease after said breach or violation, or after the expiration or earlier termination by legal proceedings, or otherwise, of this lease.  *  *  *  The said two thousand two hundred dollars ($2,200) is to be returned to the tenants at the expiration of this lease, provided the tenants shall have complied in all respects with the covenants of this lease."

In my opinion a re-entry by summary proceedings is provided for under the terms of this lease, and the statute terminating further liability thereafter is expressly waived. The covenant to pay deficiency in rent accruing after such re-entry survives, and entitles plaintiff to recover upon an independent cause of action for the amount of such deficiency. In such case, the general rule does not apply, and the landlord may bring action upon such covenant after the issuance of a warrant in summary proceedings. Hall v. Gould, 13 N. Y. 127; Lewis v. Stafford, 24 Misc. Rep. 717, 53 N. Y. Supp. 801; Baldwin v. Thibaudeau (Com. Pl.) 17 N. Y. Supp. 532; Longobardi v. Yuliano, 33 Misc. Rep. 472, 67 N. Y. Supp. 902; Lesser v. Stein, 39 Misc. Rep. 349, 79 N. Y. Supp. 849; Baylies v. Ingram, 84 App. Div. 360, 365, 82 N. Y. Supp. 891, affirmed 181 N. Y. 518, 73 N. E. 1119; McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203.

In the case of Michaels v. Fischel, 169 N. Y. 381, 62 N. E. 425, cited by the defendant, the court held that the term "re-enter" in case of default, with no provision as to the manner of such re-entry, referred merely to the common-law right of re-entry by ejectment, and the landlord having failed to avail himself of such com-

mon-law remedy, and having re-entered by summary proceeding, his right to the deficiency was thereby defeated. The case at bar is clearly distinguishable, not only because of express reference to summary proceedings, but also by the use of the word "otherwise." As was said in Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203, "the word 'otherwise' necessarily broadened the significance of the word 're-enter' and prevents its limitation to the technical definition of the word."

There was due for November and December, 1906, $2,133.32. After the defendants were dispossessed and plaintiff entered upon the premises he realized $620.69 during these months, out of which he paid $371.10 for necessary expenses, leaving a balance of $249.59 credited to defendants, and a deficiency of $1,883.73 still due, which, with $56 interest, makes a total of $1,939.73. As the sum of $2,200 was deposited with the plaintiff as security for the performance of the covenants of the lease during the entire term demised, it may not be set off against plaintiff's claim until the expiration of the term specified in the lease. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. In view of the obligations imposed upon the tenants by the terms of the lease, the amount deposited does not appear to be disproportionate to the amount to be paid under the agreement, and is not therefore a penalty, and may be retained as security.

Judgment must be entered for the plaintiff for $1,939.73, and the counterclaim dismissed.