SCHWARTZ et al. v. RIBAUDO.

(Supreme Court, Appellate Term. April 29, 1908.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—OPERATION AND EFFECT OF.

On issuance of the precept in summary proceedings by lessor to dispossess lessee, the lease is fulfilled so far as payment of rent is concerned, and no further obligation for rent remains.

2. SAME—LEASE—CONSTRUCTION—DEPOSIT TO SECURE PERFORMANCE.

Under a clause in a lease reciting the deposit with lessor of a certain sum as security for the performance of all the conditions therein, the same to be repaid to the tenant as follows: One-half thereof to be used in payment of the rent for the last month of the term, and the balance after full compliance by the tenant with all the terms of the lease—one-half of the sum deposited is required to be used in payment of the rent for the last month of the term, and cannot be applied by lessor to repairs which, under the lease, should have been made by lessee.

Gildersleeve, P. J., dissenting.

On reargument. Judgment affirmed.

For former opinion, see 52 Misc. Rep. 102, 101 N. Y. Supp. 599.

McCALL, J. The action was one brought to recover rent for a stated period, to wit, for the month of December, 1905. Through summary proceedings instituted by the plaintiffs, appellants herein, the original term as fixed in the contract of lease was curtailed, and when the precept was issued the lease then became fulfilled so far as payment of rent was concerned. Chaude v. Shepard, 122 N. Y. 397, 25

N. E. 358. No possible obligation could be imposed upon defendant (respondent) as to payment of future rent, and December, 1905. necessarily became the last month of the term; and, conceding the proposition of the survival of the covenant governing the deposit, it nowise affects the last assertion as a proposition of law. The wording of that covenant as to the purposes to which this sum must be devoted, it seems to me, is specific and unambiguous, and it is therein declared that one-half of the same is to be used in paying the rent of the last month of the term; and it would seem that is the only use for which it can be employed. As has been heretofore stated, the action was for the December rent, and, as demonstrated, this month was by plaintiffs' (appellants') procedure made the last month of the term, it necessarily follows that, being possessed of the fund to liquidate this claimed indebtedness, they should have applied it to that end.

As to the rulings of the trial justice in excluding evidence of asserted necessary repairs on the part of the landlord, I think he was clearly correct. If the question before the court had been the disposition of the entire fund on deposit, a different question would have presented itself; but as the proposition was merely for the rent due for the specific month, and as the fund to pay same was in possession of the landlord and must be devoted to that purpose, and was not subject to impairment or depletion of any kind, the rulings were sound, and the conclusion reached just, and should be affirmed.

Judgment affirmed, with costs.

FORD, J., concurs.

GILDERSLEEVE, P. J. (dissenting). This action was brought to recover $300 for one month's rent, under a lease made by one Meyers to the defendant. Under the terms of the lease the defendant deposited with Meyers $600 as security for the performance on his part of its covenants. Meyers sold the property to the plaintiffs and transferred to them the $600 deposited. As a result of summary proceedings instituted by the plaintiffs the defendant was dispossessed. Under the express terms of the lease there is no doubt that the provisions relating to the $600 deposit survived the warrant of dispossession in summary proceedings. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203.

Although not pleaded, it appears from the evidence that prior to the trial of the present action the defendant sued Meyers to recover the $600 deposited with him, and that he recovered judgment for $300 and costs, which was paid by the plaintiffs. The pleadings are silent in reference to this judgment, and the proofs in relation to it are indefinite and unsatisfactory. Whether the question as to the right to apply the sum deposited to the payment of repairs, which under this lease should have been made by the defendant, was or could have been litigated in that action, cannot be determined from the present record. The judgment was neither pleaded nor offered in evidence. In the absence of proof of this judgment, I think it was error for the trial court to refuse to permit the plaintiffs to show the value of the repairs, which they claim that they made, and which, it is alleged, were the

result of the defendant's breach of the covenants of the lease. If the plaintiffs had applied the $300 remaining with them, after the payment of $300 to the defendant, for repairs made necessary by the defendant's breach of the covenants of the lease, then it follows that they have not been paid for the rent which became due December 10, 1905. The trial court excluded this evidence, saying:

> "Your action is not brought for damages. Your action is brought for the rent for the month of December."

It is true that the plaintiffs sued for rent; but the defendant answered that the plaintiffs had money belonging to him which should have been applied in payment of the rent, and in reply to this it was competent for the plaintiffs to show that this money had been applied otherwise than for the payment of rent under the terms of the lease. The refusal of the trial court to permit the plaintiffs to show this fact was, in the absence of any pleading or proof of a judgment which was res adjudicata upon this issue, error for which the judgment should be reversed.

It is sought to justify the exclusion of this evidence upon the ground that one-half of the sum deposited was required, under the lease, to be used in paying the rent for the last month of the term, and that it could be applied only for this purpose. The clause of the lease provides as follows:

> "The tenant hereby deposits with the landlord, receipt whereof is hereby acknowledged, the sum of six hundred dollars ($600) as security for the faithful performance of all the conditions and covenants herein contained, which deposit shall survive any breach of this lease, and a re-entry into possession by the landlord·under any kind of a proceeding, and which shall be kept by the landlord for such security, and repaid to the tenant as follows: One-half of said amount shall be used in payment of the rent for the last month of the term herein, and the balance paid 15 days after the full compliance by the tenant with all the terms of this agreement and lease. Said sum shall bear interest at the rate of 3 per cent. per annum and be payable annually to the tenant."

It will be observed that the whole of the $600 was deposited "as security for the faithful performance of all the conditions and covenants herein contained." The provision in the lease that this sum "shall be kept by the landlord for such security, and repaid to the tenant as follows: One-half of said amount shall be used in payment of the rent for the last month of the term herein, and the balance paid 15 days after the full compliance by the tenant with all the terms of this agreement and lease"—obviously refers to the disposition to be made of the deposit money after all the terms of the lease had been complied with. This provision was not intended to nullify the provision that the sum so deposited should be held as security for the performance of all the covenants of the lease. The meaning of this clause in the lease is plain. The $600 was deposited as security for the performance of all the terms of the lease, and "after the full compliance by the tenant with all the terms of this agreement and lease" the sum deposited was to be "repaid to the tenant" in the manner therein provided. To so construe this clause as to hold that $300 of the whole sum deposited was security only for the last month's rent is to

place upon it a construction so narrow as to exclude the plainly expressed intention of the parties to the contract.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.