(61 Misc. Rep. 630.)

### GROSS v. SALZMAN.

(Supreme Court, Appellate Term. January 15, 1909.)

1. JUDGMENT (§ 747*) — DISPOSSESSION PROCEEDINGS—SUMMARY ORDER—QUESTIONS ADJUDICATED—RENT DUE.

A final order in summary proceedings in favor of the landlord finding the amount of rent due and unpaid, while an adjudication that the relation of landlord and tenant existed between the parties and that rent was due, was not an adjudication as to the amount due and owing, and was therefore not conclusive of such amount in an action to recover rent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1284; Dec. Dig. § 747.*]

2. LANDLORD AND TENANT (§ 184*)—DEPOSIT FOR RENT—RE-ENTRY.

Where a deposit was made by the tenant to secure the faithful performance of the lease, which provided that the landlord might re-enter by summary proceedings and thereafter relet the premises as the tenant's agent, and that the tenant should continue liable for any deficiency in the rent, the landlord was entitled to retain such deposit after resort to summary proceedings, at least until the end of the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 746; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bluma Gross against Hyman Salzman. Judgment for defendant on a counterclaim, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Jacob W. Leibner, for appellant.
Leo Schafran, for respondent.

GIEGERICH, J. The action is to recover rent amounting to $306, alleged to be due, under a written lease, for the month of May, 1908. The defense was that by reason of the plaintiff's failure to make certain alterations in the premises, which had been ordered by the tenement house department and which the plaintiff was bound to make under the terms of the lease, the rental value of the premises had been reduced. The answer also sets up a counterclaim for the recovery of a deposit

of $612 made by the defendant upon the execution of the lease. Upon the trial it was shown that on or about March 7, 1907, the parties entered into a written lease of the premises in question for the term of three years from May 1, 1907, at the yearly rent of $3,672, to be paid in equal monthly payments of $306 on or before the 15th day of each month of the term. The landlord covenanted to remove the toilets from the yard if required to do so by any department of the city government. The lease also contained the following provisions:

"And it is agreed between the parties hereto, that if default be made in any of the covenants, conditions, or stipulations herein by the tenant, then it shall be lawful for the landlord to re-enter by summary proceedings under the statute or otherwise, at the option of the landlord, the said premises, and the same to have again, repossess by force or otherwise, without being liable to prosecution therefor, and re-let the same as the agent for tenant and receive the rents thereof, applying the same, first to the payment of such expenses of re-entering and then to the payment of the rent and other costs and expenses due by these presents, the balance, if any, to be paid to the tenant, who agrees expressly to be liable for any deficiency. The above shall apply as well in case the premises become vacant by the abandonment of the lease for the said premises by the tenant.

"And the said tenant hereby deposits the sum of six hundred and twelve ($612.00) dollars, the receipt whereof is hereby acknowledged by said landlord, as security for the faithful performance of this lease, its covenants and conditions, to be returned on the termination of the term herein and the expiration of this lease, but that in case of any breach or default in the covenants, conditions, and agreements of this lease, by the tenant, then it is expressly agreed that the security so deposited shall be considered as liquidated damages between the parties and treated as such, and the said sum then is to belong to the landlord, but not excluding the said tenant from any further liability to the landlord for any additional damage by reason of a breach or default above the said sum of security so deposited: interest to be allowed at the rate of two per cent. on six hundred dollars."

This action was commenced on June 12, 1908. Prior to that date, the plaintiff had instituted summary proceedings to recover possession of the premises for nonpayment of the May rent. On June 18, 1908, a final order was granted in the summary proceeding in favor of the landlord, and thereafter, viz., in the latter part of June, 1908, a warrant was duly issued and the defendant was dispossessed. In the summary proceeding the defendant pleaded that the landlord had failed to remove the toilets from the yard after being required to do so by the tenement house department, and the justice who heard that proceeding found that the landlord's failure to effect such a removal had reduced the rental value of the premises for the month of May from $306 to $231. Judgment was rendered in the present action in favor of the defendant for the amount of his counterclaim, less $231, the amount of the rent for the month of May as fixed in the summary proceeding. From this judgment the plaintiff appeals.

The plaintiff proved that the rent due under the terms of the lease for the month of May was $306. Against this the defendant introduced the record in the summary proceeding, in which, as already stated, the court had found that the landlord had failed to remove the toilets from the yard, as required by the lease, and that such failure had reduced the value of the premises for the month to $231, which sum he held to be the rent due for that month. The defendant offered no evidence in this action as to the failure of the plaintiff to remove the

toilets or the consequent damage to the defendant, but rested upon the record in the summary proceeding as an adjudication of those matters. The court adopted this view, and allowed the plaintiff only $231 for the May rent, instead of $306 as fixed by the lease. This was error. The final order in the summary proceeding, while an adjudication that the relation of landlord and tenant existed between the parties and that rent was due from the latter, was not an adjudication as to the amount of the rent so due and owing. Jarvis v. Driggs, 69 N. Y. 143; Goetschius v. Shapiro (Sup.) 88 N. Y. Supp. 170; Prince v. Schlesinger, 116 App. Div. 500, 101 N. Y. Supp. 1031; Sheldon v. Testera, 21 Misc. Rep. 477, 47 N. Y. Supp. 653.

Assuming the defendant's claim for the return of his deposit to have been properly the subject of a counterclaim in this action under subdivision 1 of section 151 of the Municipal Court act (Laws 1902, p. 1538, c. 580), although the plaintiff urges that it did not arise until after the commencement of the action, I still do not think any cause of action was made out upon that claim. The provisions of the lease regarding the deposit and regulating the right of the landlord to re-enter have been already quoted, and it will be seen by reference to them that the landlord was expressly authorized to re-enter by summary proceedings and thereafter to relet the premises as agent for the tenant, who was to continue liable for any deficiency. The deposit was made to secure the faithful performance of the lease, its covenants and conditions, and I think under the circumstances disclosed by the record the landlord had the right to retain it, even after his resort to summary proceedings (Baylies v. Ingram, 84 App. Div. 360, 82 N. Y. Supp. 891, affirmed 181 N. Y. 518, 73 N. E. 1119; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203), at any rate until the end of the term (Anzolone v. Paskusz, supra; O'Brien v. Levine, 50 Misc. Rep. 303, 98 N. Y. Supp. 636).

For the errors referred to, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.