(61 Misc. Rep. 634.)

### ASHER–SIMON REALTY CO. v. GOLDBERG et al.

(Supreme Court, Appellate Term. January 15, 1909.)

LANDLORD AND TENANT (§ 184*) — LEASE — TERMINATION—SUMMARY PROCEEDINGS—DEPOSIT.

Where a lease provided that it should not be terminated by summary proceedings and that the landlord should be entitled to retain a deposit until a specified date, the landlord's agreement to a subletting of the premises and its recovery of possession in summary proceedings did not terminate the lease nor its right to retain the deposit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 745; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

Action by the Asher-Simon Realty Company against Harry Goldberg and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Milton Mayer, for appellant.

Firestone & Silver, for respondents.

HENDRICK, J. By a written sealed lease the plaintiff let to the defendants certain premises for the term of 4 years, 7½ months from September 15, 1907, to May 1, 1912. The lease contained the following clause:

"It is further understood that the tenant shall deposit with said landlord the sum of $200 at the time of the execution of this lease, which said $200 is to be held as security on the part of said tenants and to be applied on the last month's rent of the life of this lease. * * * And it is further expressly agreed and understood that in the event of the failure on the part of the tenants to perform the covenants and conditions of this lease, the said sum of $200 shall be retained by the landlord until the expiration of this lease, to wit, May 1st, 1912, to cover any breach of the conditions of this lease by the tenants, and should the landlord in the meantime commence summary proceedings against the tenants herein for the purpose of enforcing its rights against them, that this provision shall survive any such proceedings and no action shall be brought by the tenants or their assignees for the recovery thereof until the aforesaid date, to wit, May 1st, 1912."

By a written agreement dated March 3, 1908, the landlord granted leave to the defendants to transfer the lease to one Rosenbaum, but this last agreement contained this clause:

"It is expressly agreed and understood that the obligation of Golding and Greenblat for the payment of the rent and all other covenants embodied in the within lease shall not be affected hereby."

This agreement was attached to the lease. At some time about the last of March, 1908, the subtenant having defaulted in payment of the rent, the tenants, these defendants, requested the plaintiff to institute summary proceedings against their subtenant. This was done, and a warrant of dispossession was issued against said subtenant only, he being the only person made a party in the summary proceeding. On March 15, 1908, the landlord, claiming that there was due the sum of $100, rent, began this action to recover the same from these defendants. The answer was a general denial, and also set up that dispossess proceedings had been taken, and a counterclaim for the sum of $150, being the difference between the amount of the aforesaid deposit made by the tenants and the sum of $50 admitted by the tenants to be due to the landlord as rent from March 15 to March 31, 1908, when the dispossess warrant aforesaid was issued. The foregoing facts appearing, the trial judge deducted the said sum of $50 from the amount of the deposit, and gave judgment in favor of the tenants for the sum of $150, the amount of their said counterclaim. The claim of the tenants is that the issuance of the warrant aforesaid annulled the relation of landlord and tenant, and that therefore the landlord was not entitled to longer retain the amount of the deposit. We must also observe in the consideration of this question the eighth clause of the lease, which is as follows:

"That if the said premises, or any part thereof, shall become vacant during the said term, the landlord or its representative may re-enter the same, either by force or otherwise, without being liable to prosecution therefor; and relet the said premises as the agent of the said tenants and receive the rent thereof, applying the same, first to the payment of such expenses as he may be put to in re-entering, and then to the payment of the rent due by these presents; the balance (if any) to be paid over to the tenant who shall remain liable for any deficiency."

It has many times been held that, where a lease contained a provision for re-entry, the obligation to pay rent, or for damages equal to the rent reserved in the lease, survived summary proceedings. Lewis v. Stafford, 24 Misc. Rep. 719, 53 N. Y. Supp. 801; Hall v. Gould, 13 N. Y. 127; Baldwin v. Thibaudeau (Com. Pl.) 17 N. Y. Supp. 532. In Michaels v. Fishel, 51 App. Div. 274, 64 N. Y. Supp. 1007, affirmed 169 N. Y. 381, 62 N. E. 425, it was held that the word "re-enter" as used in the lease then under consideration meant a re-entry in an action of ejectment. This doctrine has never been extended, however, and the language of the lease in the case at bar provides for a re-entry "by force or otherwise," and a lease having precisely similar provisions therein was held to permit summary proceedings to be brought. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. The clauses of the lease above quoted expressly provide for a continuance of its life beyond summary proceedings, and also that the deposit shall survive such proceedings and may be retained by the landlord until a specified date, to wit, May 1, 1912; and they also provide that the landlord may relet the premises on account of the tenants if the same shall become vacant. All of these provisions were retained by agreement between the landlord and the tenants when permission was given by the landlord to the tenants to assign the lease. The following cases are authority for the proposition that an agreement between a landlord and his tenant may be made which will survive summary proceedings: Lewis v. Stafford, Hall v. Gould, Baldwin v. Thibaudeau, and Anzolone v. Paskusz, supra; Pannuto v. Foglio, 55 Misc. Rep. 244, 105 N. Y. Supp. 495; Gross v. Salzman (decided at the present term of this court) 114 N. Y. Supp. 411. It follows that the defendants' counterclaim is not now available, and the judgment must therefore be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.