(65 Misc. Rep. 54.)

REVEL REALTY & SECURITIES CO. v. MAXWELL et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. PRINCIPAL AND SURETY (§ 99*)—CONTRACT—MODIFICATION—DISCHARGE OF SURETY.

Since sureties contract solely with reference to the contract as originally made, a modification thereof by the original parties, even though it be for the benefit of the obligor, will discharge the sureties.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 158–161; Dec. Dig. § 99.*]

2. PRINCIPAL AND SURETY (§ 99*)—PART PERFORMANCE—WAIVER.

An obligee may waive part performance of a contract, without discharging the sureties from liability for the due performance of the remainder.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 158–160; Dec. Dig. § 99.*]

3. PRINCIPAL AND SURETY (§ 99*)—LEASE—SURETIES—DISCHARGE.

Defendant obligors leased certain premises from plaintiff, and deposited as security a joint and several demand note, made by themselves and the other defendants. Dispossess proceedings were begun in January, 1908, and the final order made February 5th following, awarding the landlord possession. No warrant was issued, the landlord and tenants then entering into a new agreement that the tenants should pay the rent then due in installments, and that the rent should be reduced, and the lease terminated May 1, 1908, instead of May 1, 1909; the tenants assuming the duty of heating the premises and of caring for the boilers, sidewalk, and second floor hall. In May, 1908, the landlord and tenants agreed to an extension of the lease from May 1, 1908, to October 1, 1908, at a further reduction of rent. Held, that the alleged reletting discharged the tenants from all claims for rent arising after May 1st, and also from liability for rent accruing before May 1st under the lease, on their assumption of the new obligation, which carried with it a discharge of the sureties.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 158–161; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Revel Realty & Securities Company against Perry H. Maxwell and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

See, also, 115 N. Y. Supp. 1033.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Clarence De Witt Rogers, for appellants.

Appell & Taylor, for respondent.

LEHMAN, J. The defendants Maxwell and Chauveau leased certain premises from the plaintiff, and deposited as security for the performance of the covenants of the lease a joint and several demand note for the sum of $500, made by themselves and the defendants Abbey and Ingalls. Upon an appeal from an earlier trial of this action (115 N. Y. Supp. 1033), it was the opinion of this court that the lessees were principal debtors under the note, and the other defendants were sureties, and that no recovery could be had on the note with-

out proof of a breach of the covenants of the lease by the defendant lessees.

The testimony produced upon the second trial showed that dispossess proceedings were begun in January, 1908, and that a final order was made on the 5th day of February, 1908, awarding possession to the landlord. No warrant was issued under these proceedings; but the landlord and tenants entered into an agreement which provided that the tenants should pay the amount of rent then due in installments, and that the rent should be reduced and the lease terminated on May 1, 1908, instead of May 1, 1909. The agreement also provided that, in consideration of the settlement and the reduction of the rent, the tenants assumed the duty of heating the premises and of caring for the boilers, sidewalk, and second floor hall. In May, 1908, the landlord and tenants agreed to extend the lease, with all its terms, from May 1, 1908, to October 1, 1908 at a further reduction of rent. It seems to me that no citation of authority is required upon the question that, where the principal contract is modified, even though it be for the benefit of the obligor, the sureties for the due performance of the contract are discharged. The sureties contract solely with reference to the contract as originally made. The obligee may waive a part performance, and still hold the sureties for the due performance of the remainder; but he cannot change the duties of the obligors without discharging the sureties. In the case before us, the contract changed the obligation of the lessees upon sufficient legal consideration, and the sureties were discharged as sureties for all breaches of covenant occurring thereafter.

I do not think that the landlord's attorney seriously disputes these propositions of law; but he seeks to sustain a judgment for failure to pay rent under the modification of the lease made in February and under the new lease made in May upon the theory that by the terms of the original lease the landlord had a right to re-enter and relet the premises, and by virtue of such right even the dispossess proceeding did not deprive him of his right to look to the security deposited to protect him from loss caused by such reletting. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. He claims that under the rights given him by the dispossess proceedings he did re-enter and relet the premises to the original lessees, and therefore may hold this security for all deficiency of rent. The theory is ingenious, but hardly tenable. The alleged reletting discharged the principal debtors from all claims for rent arising after May 1st, and discharged them from liability for rent accruing before May 1st under the lease, upon their assumption of these new obligations. The principals cannot be discharged without the discharge of the sureties. Therefore none of the parties were liable thereafter for any rent accruing under the original obligation, and the sureties were not liable for the rent accruing under the modified obligation.

The judgment cannot even be sustained against the principals, because there were questions of fact involved in the trial as to certain payments. Apparently the trial justice has resolved some of these questions in favor of the plaintiff and some in favor of the defendants; but the amount of the judgment is inconsistent upon any possible theo-

ry with the claims of either side. While the error is probably only one of calculation, it is impossible to rectify it, because the basis of the calculation does not appear in the record.

The judgment should therefore be reversed, and a new trial ordered with costs to appellants to abide the event. All concur.