### HOROWITZ et al. v. EIDELHEIT.

(Supreme Court, Appellate Term, First Department. January 15, 1915.)

LANDLORD AND TENANT (§ 184*)—TERMINATION OF RELATION—STIPULATIONS—
ENFORCEMENT.

> Notwithstanding Code Civ. Proc. § 2253, providing that the issuing of a warrant in summary proceedings annuls the relation of landlord and tenant, a stipulation in a lease that the tenant shall deposit with the landlord a specified sum, to be retained as security for the payment of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rent and for reimbursement for any damage suffered by the tenant's failure to perform every covenant in the lease, and that on a breach of any covenant the landlord may have possession by summary proceedings, and may relet as the agent of the tenant, and if he shall be unable to relet or obtain the same rent therefor the tenant will pay out of the security any loss, survives the issuance of a warrant in summary proceedings and the termination of the relation of landlord and tenant, and the landlord may retain the deposit to reimburse him for any loss by reason of a reletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Nathan Horowitz and another against. Isak Eidelheit. From a judgment for defendant and against plaintiffs, the latter appeal. Reversed, and judgment directed for plaintiffs.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Benjamin C. Ribman, of Brooklyn, for appellants.
John J. O'Grady, of New York City, for respondent.

LEHMAN, J. The plaintiffs and the defendant on March 18, 1914, entered into a lease of certain premises in the city of New York for a term expiring March 31, 1917. The lease contained the following clauses:

"(17) The party of the second part deposits with the parties of the first part the sum of five hundred ($500.00) dollars, to be held and retained by the parties of the first part as and for security for the payment of the rent agreed to be paid hereunder, and for the reimbursement of the parties of the first part for any expenses or damage incurred or suffered because of the failure of the party of the second part to keep and perform each and every of the conditions, covenants, and agreements herein agreed by him to be kept and performed during the entire term hereby leased; and the said parties of the first part, provided the party of the second part has in all respects complied with the terms and conditions of this agreement, will return the said sum of five hundred ($500.00) dollars at the end of this lease, and agree further to pay unto the said party of the second part the sum of four (4%) per cent. per annum on the said deposit during the term of this lease, as security for the faithful performance by him of all the terms and conditions of the said lease as set forth above."

The defendant failed to pay the rent of $250 for the first month, which fell due on April 10, 1914. On April 23d the plaintiffs instituted summary proceedings for the nonpayment of this rent, and on April 29th a warrant was issued, and the plaintiffs were placed in possession of the demised premises. Thereupon, on May 4, 1914, the plaintiffs began this action for the unpaid April rent, and the defendant counterclaimed for the amount of the deposit given as security under the terms of the lease. The case was tried upon an agreed statement of facts, and the only question raised at the trial or upon this appeal is whether under the lease, the plaintiffs became bound to return the amount of defendant's deposit at the time of the issuing of the warrant in the summary proceedings, or whether by virtue of para-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

graph 17 of the lease, supra, the plaintiffs shall have the right to retain this deposit as security for any loss or difference in rent received upon a reletting after the issuance of the warrant. The trial justice decided that the issuance of the warrant terminated the lease, and that thereupon the defendant was entitled to the return of his deposit, after deduction of the one month's rent due and unpaid at the time the warrant was issued.

There can be no question but that the defendant would have been entitled to the return of his deposit at the time the warrant was issued, if the deposit had been given as security only for the rent reserved, or for the breach of any covenant concerning the use or occupation by defendant of the premises. Section 2253 of the Code provides that:

"The issuing of a warrant * * * cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant."

In the case of Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425, Judge Vann, in construing the effect of this statute, stated:

"It does not, however, terminate independent covenants, which are not a part of 'the agreement for the use of the premises,' although they are contained in the same instrument and are designed to furnish security to the lessers against the contingency of dispossession and its effect upon the lease proper, according to the statute. The right to enter into engagements of this character exists at common law, and since there is no statute to prevent, as was said in an early case, such a contract 'certainly is not an illegal agreement, nor is there anything unreasonable in the lessee agreeing to completely indemnify his lessor for any injury which may arise to him by the lessee's breach of his own agreement. By the entry for condition broken, the estate of the lessee was at an end, and the lessor was in possession of his former estate. Rent, as such, could therefore no longer accrue to the lessor from the lessee; his liability rested only upon his covenant looking to this very event.' Hall v. Gould, 13 N. Y. 127, 134."

That this statement correctly represents the law has never been doubted, and consequently the question presented by this case is a very narrow one, viz.: Have the parties by appropriate language provided that the sum deposited shall be held, not only as security for rent and for covenants which are part of "the agreement for the use of the premises," but also as security for an independent covenant looking to the very event of the termination of this agreement according to statute. It appears to me that the parties could hardly have used clearer language to show such a purpose. They have provided that upon a breach of any covenant of the lease the landlords may have possession of the same by summary proceedings, and may thereupon relet said premises as the agents of the tenant, and if they shall be "unable to relet the same or obtain sufficient rent therefor to make up the amount of rent hereby reserved" the tenant will "pay any and all loss or difference of rent for the residue of said term, and any and all loss or deficiency of any other sum of money required by the terms hereof to be paid by him and the security provided herein shall be held for all the purposes herein mentioned."

Under this clause the parties clearly intended that even after the warrant was issued in summary proceedings the tenant should con-

tinue to remain liable for any deficiency in the rent. Such an intention, clearly expressed, is enforceable, and survives the termination of the relation of landlord and tenant. Even if the parties had not expressly provided that such right should survive the issuance of the warrant in summary proceeding, the court would still enforce an agreement to that effect which could fairly be inferred from the general language of the lease. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. Since the parties in this case clearly stipulated that the deposit shall be held as security for a breach of covenant arising after the termination of the relation of landlord and tenant, the plaintiffs are entitled to retain the deposit until the liability intended to be secured can be determined. Although the parties provided for a return "at the end of this lease," they clearly contemplated, not merely the termination of the agreement for the use of the premises, but the termination of all independent obligations contained in the contract.

Judgment should therefore be reversed, with costs, and judgment directed for the plaintiff for $250, with appropriate costs in the court below, and dismissing the counterclaim. All concur.