VON ERLENBELL v. SOUND REALTY CO.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

LANDLORD AND TENANT ⬅184(2)—DEPOSIT OF SECURITY FOR RENT—RIGHT
TO RETURN.

In an action by former tenant to recover $500 deposited as rent se-
curity, plaintiff *held* not entitled under the terms of the lease to any
refund, where it was necessary, because of his failure to pay rent, for
the landlord to dispossess him and rent to other parties for the balance
of the term at a rental loss of over $500.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
745–748; Dec. Dig. ⬅184(2).]

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by Marie Von Erlenbell against the Sound Realty Company.
From a judgment for plaintiff in Municipal Court, defendant appeals.
Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Feiner & Maass, of New York City (Ira Skutch, of New York City,
of counsel), for appellant.
Louis W. Dinkelspiel, of New York City, for respondent.

BIJUR, J. · This appeal involves only the interpretation of the terms
of a lease. Plaintiff brought this action to recover the sum of $500,
deposited—

"as security for the prompt payment of the rent and additional rents and the
faithful performance of all the conditions, covenants, and agreements in said
lease contained. Said sum of $500 to be returned to said Wadsworth Café
Company, said tenant, at the expiration of or sooner termination of said
lease, provided the rent and additional rents have been paid in full up to the
date of the termination of said lease, and all the covenants, conditions, and
agreements contained in said lease have been fully complied with."

The lease contained the further covenant:

"That in case of default [on the part of the lessee] in any of the covenants
or conditions, the landlord may re-enter and resume possession of the premises
either by force or otherwise. That in case of such re-entry, or if the prem-
ises become vacant, or the tenant is dispossessed by summary proceedings,
the landlord may relet the premises for the remainder of the term for account
of the tenant, who agrees to make good any deficiency, including the expenses
of the landlord in re-entering."

The tenant defaulted in the payment of the rent due September 1,
1915, and on September 30th a petition in dispossess was presented, and
the warrant issued October 4th. On October 25th the landlord rented
the premises for the balance of the term fixed by the lease at a loss in
rental considerably in excess of said sum of $500.

The learned judge below gave plaintiff judgment for the $500, less
the amount of rent unpaid up to the time of the issuing of the war-
rant. This determination was erroneous. The covenant of the ten-
ant to reimburse the landlord for deficiency in rent after dispossess is
manifestly one which survives the summary proceedings. The $500

was deposited as security for the faithful performance of *all* the tenant's covenants, and the additional provision itself for the return of this money to the tenant is based upon the condition that *all* the covenants in said lease have been fully complied with. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203; Slater v. Bonfiglio, 56 Misc. Rep. 385, 106 N. Y. Supp. 861; Gross v. Salzman, 61 Misc. Rep. 630, 114 N. Y. Supp. 411; Horowitz v. Eidelheit, 151 N. Y. Supp. 283.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.