HATHAWAY, Appellant, vs. LYNN, Respondent.

*November 5 — December 3, 1889.*

CONTRACTS.  *(1) Liquidated damages, when recoverable.  (2) Release: Consideration.*

1. Liquidated damages stipulated in a contract to be paid for a violation of the terms thereof are recoverable only in case of a substantial breach.
2. The defendant, on purchasing an omnibus line from the plaintiff, agreed to run a separate omnibus between the depot and plaintiff's hotel, and to carry free a runner of such hotel.  A free bridge on the route having been burned, and a ferry with tolls substituted, defendant notified plaintiff that thereafter he would run but one omnibus to all places.  After some negotiation plaintiff told defendant he might go on and run it as he wished, and that he need not carry the runner unless he wished.  *Held,* that this released the defendant from the contract, although there was no new consideration.

APPEAL from the Circuit Court for *Wood* County.

In June, 1887, the plaintiff was, and still is, the proprietor of a hotel in the city of Grand Rapids, known as the "Witter House," and until that time ran an omnibus for the carriage of passengers between his hotel, the residences in the cities of Grand Rapids and Centralia, and two railroad depots, one of which is situated in each of said cities.  Such cities are separated by the Wisconsin river, and were at that time connected by a free bridge across the river.  At the same time the defendant was, and still is, the proprietor of another omnibus line, and engaged in the same business in those cities.  On June 29, 1887, the plaintiff sold his omnibus, team, and outfit to the defendant, who paid the agreed consideration therefor.  At the time of such sale the parties entered into an agreement in writing, signed by them, which is as follows:

"Memorandum of agreement made and concluded this

Hathaway vs. Lynn.

29th day of June, 1887, by and between *L. Hathaway* of the one part, and *M. H. Lynn* of the other part, witnesseth: The said *L. Hathaway* having this day sold out his bus line to said *M. H. Lynn*, now, therefore, in consideration of the premises and of the agreement hereinafter contained, the said *M. H. Lynn* hereby agrees and binds himself regularly and in proper manner hereafter to run a separate bus between the Witter House and all passenger trains arriving at the Grand Rapids and Centralia depots, for the separate and special accommodation of the traveling public desiring to stop at the Witter House. In other words, to convey Witter House customers and Centralia House patrons in separate busses — unusual and temporary accidents excepted and excusing. Also to carry a runner for the Witter House free of charge to and from all such trains. In consideration of the premises, and of the foregoing agreement, the said *L. Hathaway* hereby agrees and binds himself that, so long as the said *M. H. Lynn* faithfully carries out the foregoing agreement, he will not put on, nor encourage any one to put on, a bus line in said cities. In case of the violation or disregard of the terms of this agreement, the damages recoverable by the other are hereby fixed and adjusted at the sum of two hundred dollars, to be paid on demand."

This action was brought to recover $200, as liquidated damages for alleged breaches by defendant of such agreement. The breaches assigned are (1) that several times between December, 1887, and April, 1888, the defendant failed to run a separate omnibus to and from certain trains; and (2) that since April 11, 1888, the defendant has wholly failed to perform his said agreement. The defendant in his answer alleges full performance of his contract to April 11, 1888, and that he was excused from such performance thereafter by the destruction of the bridge between the two cities, which had not been rebuilt. He further alleges that

after that date, and before the action was commenced, the plaintiff released him from the obligation further to perform such contract.

The parties were the only witnesses on the trial whose testimony is of any importance. The only material conflict in their testimony relates to the special breaches of the agreement charged in the complaint to have occurred between December, 1887, and April, 1888, and to the release of defendant by plaintiff, as alleged in the answer, from the performance of the agreement. It appears that the bridge was carried away by an ice jam on April 11, 1888, and the river between the two cities could not be crossed with teams until about the middle of May, when a ferryboat was put in operation, upon which teams and vehicles could be transferred across the river. Tolls were charged therefor. Further reference to the testimony will be found in the opinion.

The jury returned a verdict for the defendant. A motion for a new trial was denied, and judgment entered for the defendant pursuant to the verdict. The plaintiff appeals from the judgment.

*Geo. L. Williams*, for the appellant.

*J. W. Cochran*, for the respondent.

LYON, J. The conclusions we have reached relieve us from the necessity of determining whether the stipulation in the agreement of June 29, 1887, to the effect that if either party violate the terms thereof he shall pay to the other party, on demand, the sum of $200, thereby provides for a mere penalty, as in *Lyman v. Babcock*, 40 Wis. 503, or whether the $200 is to be regarded as liquidated damages, as in *Berrinkott v. Traphagen*, 39 Wis. 219. Neither are we called upon to decide whether the agreement, which contained no limitation of the time it shall continue, may be rescinded at the option of either party, as in *Irish v.*

*Dean*, 39 Wis. 562, nor whether the altered conditions
caused by the destruction of the free bridge, and the sub-
stitution therefor of a toll ferry, terminated the contract.
Under a different state of facts these interesting questions
might have arisen, but they are not involved in the case
here made by the pleadings and testimony.

1. Assuming it to have been proved on the trial that the
defendant failed at different times to run a separate omni-
bus beween plaintiff's hotel and certain trains, it does not
appear that such failure resulted in any damage to the
plaintiff. It seems undisputed that the defendant ran an
omnibus between each train arriving at either city and the
plaintiff's hotel, except when communication with the Cen-
tralia depot was necessarily interrupted by the destruction
of the bridge, although on a few occasions before April
11th, and constantly afterwards, the same omnibus served
other hotels. It is not shown that, at such times, there
were any passengers to or from the hotel of plaintiff, and
no fact or circumstance appears from which it can be in-
ferred that the plaintiff suffered any damage because of
the occasional failure of defendant to run a separate omni-
bus between plaintiff's hotel and the depots. Hence the
plaintiff would only be entitled to nominal damages for
alleged breaches.

This action is brought upon the theory that the sum of
$200 specified in the agreement is liquidated damages for
any breach of the requirements thereof, and such is the con-
tention of the plaintiff. For the purposes of the case, the
correctness of this proposition will be conceded. In such a
case, before any liability to pay the liquidated damages can
attach to the party in default, he must have been guilty of
a substantial breach of his agreement,— a breach which
has resulted in something more than mere nominal dam-
ages to the other contracting party. This rule is so mani-
festly just that no discussion of it is necessary. Hence we

conclude that the plaintiff is not entitled to recover such stipulated damages for any alleged breach occurring before the time the defendant claims to have been released by the plaintiff from the obligations of the agreement of June 29, 1887.

2. Was the defendant so released? He testified on the trial that on May 16, 1888, the day before the ferry-boat commenced running regularly, he told the plaintiff that he considered their contract ended by the destruction of the bridge, and he intended thereafter to run but one omnibus. Plaintiff claimed the contract was still in force. Thereupon the defendant offered to resell the same property to the plaintiff. They negotiated some days, and finally agreed on the terms of the resale. Thereafter the plaintiff refused to make the purchase, but said to the defendant: "I have concluded not to put any bus on. You may go on and run it as you wish to, or run it as you are a mind to." Also that defendant need not carry a runner for him, if he did not wish to. The plaintiff denied these statements.

If the plaintiff said to defendant what the latter testified he did, we think the jury were justified in finding that plaintiff thereby released him from his obligation to run a separate omnibus between the hotel and depots. Such a release is valid without any new and independent consideration to support it. The testimony being in conflict on this subject, it was competent for the jury to believe the defendant, and manifestly they did so and predicated their verdict on his testimony. This court cannot say that they should have disbelieved him and based their verdict on the testimony of the plaintiff.

Our conclusion is that the testimony supports the verdict, and hence that the judgment should not be disturbed.

*By the Court.*— The judgment of the circuit court is affirmed.