[Civ. No. 1502.   Third Appellate District.—August 25, 1916.]

## C. J. VATH, Respondent, v. JAMES F. HALLETT et al., Respondents; JAMES J. DAVITT, Appellant.

CONTRACT—LIQUIDATED DAMAGES — PLEADING — INSUFFICIENCY OF COMPLAINT—SUBSTANTIAL BREACH NOT SHOWN.—In an action to recover the sum of money fixed as liquidated damages for the breach of the terms of a contract guaranteeing that in consideration of a loan of a sum of money to a person to permit him to become a member of a retail liquor partnership, the partners would, during the entire period of the leasehold of the premises wherein such business was being conducted, purchase of the lenders "all steam and lager beer and liquors of every kind and character and all incidentals pertaining to the retail liquor business," the complaint fails to state a cause of action, where it is only alleged that on or about a stated date the defendants, contrary to the terms of said agreement and in violation of their obligation thereof, neglected and refused to purchase all lager beer of the plaintiffs as provided in the contract.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasley, Judge.

The facts are stated in the opinion of the court.

Hoefler & Morris, and George F. Snyder, for Appellant.

William H. Johnson, for Respondent, C. J. Vath.

ELLISON, J., *pro tem.*—The plaintiff brought this action to recover of the defendants Davitt and Hallett the sum of three thousand dollars, alleged to be due under the terms of a written contract. Two other persons were made defendants under an allegation that they refused to join with the plaintiff. Davitt and Hallett will be referred to as the defendants.

The defendant Davitt demurred to the complaint, and his demurrer having been overruled, he declined to answer and judgment was entered against him. He appeals from such judgment.

For a clear understanding of the case it seems necessary to set out in full the contract sued upon as it appears in the complaint. It is as follows:

"This agreement made between James J. Davitt and J. F. Hallett, of the County of Santa Clara, State of California, parties of the first part, and A. L. Brassy, C. J. Vath and George Geoffrey, of the same said county and state, parties of the second part,

"Witnesseth:

"That whereas the said James J. Davitt and J. F. Hallett are about to enter into partnership in the business of retailing liquor, at number 19 South Second street, in the City of San Jose, County of Santa Clara, State of California, and the said J. F. Hallett is desirous of having associated with him the said James J. Davitt, and the said Davitt, in order to become associated with the said Hallett, has to raise the sum of six thousand ($6,000.00) dollars, and whereas the said parties of the second part are willing to loan to the said Davitt the said sum of six thousand ($6,000.00) dollars, in consideration of certain security to be given by to parties of the second part. One of which is the guaranty of parties of the first part, on their part, that they will during the entire period of the leasehold, now held by said Hallett, pertaining to said premises, to purchase of said parties of the second part, all steam and lager beer and liquors of every kind and character and all incidentals pertaining to the retail liquor business of and from said parties of the second part.

It being impracticable and extremely difficult to fix the actual damage which may result to parties of the second part from a breach or violation of the terms hereof by parties of the first part. It is agreed that the sum of three thousand ($3,000.00) dollars be and the same is hereby fixed as liquidated damages for which sum judgment may be taken by parties of the second part upon proof of a breach of the terms hereof by parties of the first part.

"JAS. F. HALLETT,
"JAMES J. DAVITT."

Additionally the complaint alleges: "That from the nature of the subject matter of the said contract and the relation of the parties thereto, it would have been, was and still is impracticable and extremely difficult to fix, have fixed, or to now fix the actual damage which plaintiff would sustain by reason of a breach thereof by parties of the first part.

"That on or about the 29th day of May, 1913, the defendants, contrary to the terms of said agreement and in violation of their obligation thereof, neglected and refused to purchase all lager beer of the plaintiffs as provided in said contract."

That at the time of said neglect and refusal defendant Davitt was conducting said retail liquor business.

That plaintiff at all times was ready, able, and willing to comply with all the terms of said contract on his part to be performed, and had done so.

That plaintiff advanced and defendants accepted the six thousand dollar loan provided for in said agreement. That defendants complied with the terms of said contract for a period of about two years after its date.

Judgment is asked for the three thousand dollars and costs.

1. We are of the opinion that the complaint does not state a cause of action and the demurrer thereto should have been sustained. While the contract pleaded is somewhat vague, indefinite, and incomplete, it is manifest that the defendants were to buy of the plaintiff only such beer as they might need from time to time in their business of retailing liquor. There is no allegation in the complaint that they needed any beer on or about May 29, 1913, or that they bought any from any other source. For aught that appears in the complaint, they needed none at about that time.

There is no averment that they ceased to buy of the plaintiff for more than one day.

It is alleged that they failed and refused to buy *all* beer of plaintiff. This allegation would be sustained on a trial by testimony that on the day named the defendants bought ten cases of beer from the plaintiff and only one quart from someone else.

Conceding for the present that the contract is to be construed as one for liquidated damages, yet no recovery can be had unless a substantial breach thereof is alleged and proved.

"This action is brought upon the theory that the sum of two hundred dollars specified in the agreement is liquidated damages for any breach of the requirements thereof, and such is the contention of the plaintiff. For the purposes of the case, the correctness of this proposition will be conceded. In such a case, before any liability to pay the liquidated damages can attach to the party in default, he must have been guilty of a substantial breach of his agreement—a breach that has resulted in something more than mere nominal damages to the other contracting party. This rule is so manifestly just that no discussion of it is necessary." (*Hathaway* v. *Lynn,* 75 Wis. 186, [6 L. R. A. 551, 43 N. W. 956].)

As an application may be made to amend the complaint in the lower court, it becomes necessary to notice some other points raised by appellant.

For several reasons we are of the opinion the contract cannot be the foundation of an action for either liquidated damages or for actual damages.

1. It lacks certainty.

There is no direct promise or agreement on the part of the defendants to buy liquor from the plaintiff. Such promise can only be inferred from the general language of the contract.

The plaintiff agreed to loan defendant six thousand dollars "in consideration of certain security to be given by to parties of the second part. One of which is the guaranty of parties of the first part, on their part, that they will during the entire period of the leasehold, now held by said Hallett, pertaining to said premises, to purchase of said parties of the second part, all steam and lager beer and liquors of every kind and character and all incidentals pertaining to the retail liquor business of and from said parties of the second part." Per-

haps a promise on the part of defendants to buy beer, etc., from plaintiff may be inferred from this general language, but it seems unnecessary to definitely pass on the point.

The contract fixes no price at which plaintiff was to furnish beer, etc., to defendant. He did not bind himself to furnish it at any agreed price. The plaintiff did not promise and bind himself to sell beer, etc., to defendant at all. He assumed no obligation to do so, and it was left entirely at his pleasure to sell defendant beer, etc., or not to sell it, and any failure to so furnish and sell would have given plaintiff no' cause of action against defendant. An executory contract must have the element of mutuality.

An agreement on part of defendant to buy beer of the plaintiff is not enforceable against the defendant where there is no agreement or promise on the part of the plaintiff to sell such articles to him. Hence the contract cannot be the basis for a suit for damages for not buying of the plaintiff.

The contract is not enforceable as one for liquidated damages.

It will be observed that by the contract the same damage, three thousand dollars, is fixed as the estimated and agreed damages for a complete violation of its terms and for a partial violation.

According to the terms of the contract, if the defendant failed and neglected during the entire five years to buy anything of the plaintiff, the damage would have been three thousand dollars. Whereas, if he bought all beer and other supplies for the saloon during all the five years except the last week of said five years' period, he would also owe plaintiff three thousand dollars.

This shows that no good faith valuation of the damages, which might result from the breach of the contract, was made.

"A good faith valuation of the damages which will result from the breach of a contract is generally upheld and the amount specified recoverable." (Elliott on Contracts, sec. 1559.) And the converse is equally true, viz.: That where the contract on its face shows that no good faith estimate and valuation of the damages that might result from a breach of the contract was ever made or attempted, the amount thus arbitrarily fixed without any reference to the actual damages that may be incurred will not be recoverable as liquidated damages. In 2 Greenleaf on Evidence, section 259, the rule is

said to be that it must be "apparent that the damages have already been the subject of actual and fair calculation and adjustment between the parties."

We conclude that the demurrer to the complaint should have been sustained. That the contract is not enforceable as a contract for liquidated damages, and by reason of its lack of mutuality of obligation and uncertainty cannot be the basis of an action for actual damages.

The judgment is reversed, with direction to sustain the demurrer to the complaint.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 24, 1916, and the following opinion then rendered thereon:

THE COURT.—The petition for transfer and hearing in this court is denied. We think the judgment was properly reversed upon the first ground stated in the opinion of the district court of appeal, viz.: That the complaint does not state facts showing a substantial breach of the agreement. We are not satisfied of the correctness of the views expressed by the district court of appeal on other points, and withhold the expression of any opinion on such points. Upon a new trial the superior court will not regard as decided or as the law of the case any proposition except the one which is above stated to have our approval.