(24 Misc. Rep. 717.)

### LEWIS v. STAFFORD.

(Supreme Court, Appellate Term.    October 5, 1898.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—RIGHT TO RECOVER SUBSE-
   QUENT RENT.
 The termination of a lease by the dispossession of the tenant by sum-
mary proceedings does not relieve the tenant from liability for the de-
ficiency of rent for the remainder of the term under a covenant author-
izing the lessor to re-enter and re-let, for the lessee's benefit, on a default
or any violation of the covenant, since such covenant takes the contract
out of Code Civ. Proc. § 2253, permitting a recovery of rent only up to
the time of the·dispossession of the tenant.

Appeal from Eighth district court.

Action by Martin M. Lewis against Eliza Stafford for damages for breach of a lease.    From a judgment of the Eighth municipal court, borough of Manhattan, for plaintiff, defendant appeals.    Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Sidney H. Stuart, for plaintiff.
George W. Gibbons, for defendant.

GILDERSLEEVE, J.    The facts of the case are as follows, viz.: The assignor of the plaintiff, one Charles Lewis, leased the premises No. 59 Eighth avenue, in this city, to the defendant, for the term of four years and five months, from December 1, 1894, at the yearly rent of $1,200, payable monthly in advance.    The expiration of the term of the lease would therefore be on May 1, 1899.    The defendant en-tered into possession of the premises, and continued therein until about the middle of July, 1896, when she was dispossessed by the said landlord, Charles Lewis, for the nonpayment of the $100, due on July 1, 1896, under the terms of the lease.    After dispossessing the de-fendant by summary proceedings, the landlord re-entered into posses-

sion of the premises, and endeavored to let them; but, in spite of his efforts in that direction, he was only partially successful in renting them, and they were vacant from the middle of July, 1896, until November 1, 1896, a period of 3½ months, when they were leased for $100 a month until January 1, 1897, a period of 2 months. After January 1, 1897, the premises were vacant until August 1, 1897, a period of 7 months. The plaintiff, as assignee of said landlord, brings this action for damages for the breach of contract, laying his damages at $100 a month for the months during which the premises were vacant, which, according to the testimony, would make the claim amount to $1,000, not including the $100 due as rent in advance on the 1st day of July, 1896, previous to the dispossession of the defendant under summary proceedings, as above set forth. The plaintiff, however, limits his claim to the sum of $500, the jurisdictional limit of the municipal court. Defendant bases her defense upon the claim that, by taking summary proceedings to dispossess the defendant, the plaintiff's assignor canceled the lease, and that the plaintiff cannot therefore maintain the action for more than $100, the rent due in advance for month of July on July 1, 1896, previous to the expulsion of the defendant from the premises. The plaintiff, on the other hand, claims that he does not sue for rent under the lease, but for damages for the breach of contract.

Section 2253 of the Code provides as follows, viz.:

"The issuing of a warrant for the removal of a tenant from the demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant; except that it does not prevent a landlord from recovering by action any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises, or the reasonable value of the use and occupation thereof to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any special provision for payment of rent."

It is very clear, therefore, that, under this statute, the defendant's contention is well founded, unless there is some circumstance which operates to take the matter out of the provisions of the statute. In the lease is the following stipulation, viz.:

"Clause 11. That in case of default, or any violation in any of the covenants, the landlord may resume possession of the premises, and re-let the same for the remainder of the term at the best rent he can obtain, for account of the tenant, who will make good any deficiency."

It appears from the testimony that the tenant did make default, and that the landlord did resume possession of the premises, and tried to re-let the same at the best rent he could obtain. The only purpose of this stipulation must have been to take the contract out of the statute, and preserve the rights of the landlord. This, in our opinion, was the legal effect of the clause above quoted.

In the case of Hall v. Gould, 13 N. Y. 127, our court of last resort laid down a doctrine which clearly sustains this view. In that case the lease contained a provision by which the lessee agreed to be responsible for any loss of rent which the lessor might sustain by a re-entry during the term of the lease, for breach of the conditions; and

the court of appeals held that this provision was valid, and could be enforced after such re-entry.    The facts are these, viz.:  In a lease of premises for a term of years, the lessee, in addition to his agreement to pay the rent, covenanted that he would not keep a grocery upon the premises, and that, in case of a violation of this covenant, the lessor might re-enter and re-let the premises for the benefit of the lessee.  During the term, the lessor ejected the lessee for a breach of the condition, and, not being successful in re-letting the premises for the residue of the term, he brought an action on the lease against the lessee.   It was held that although he was not entitled to recover rent, as such, for the portion of the term subsequent to the re-entry, as the re-entry terminated the lease, still he could recover, by way of damages, an amount equal to the rent which he lost by the breach and re-entry therefor and his inability to re-let the premises.

Again, in the case of Baldwin v. Thibadeau (Com. Pl.) 17 N. Y. Supp. 532, the general term of the late court of common pleas held that the termination of a lease, by the disposition of the tenant by summary proceedings, will not relieve the tenant from liability for deficiency of rent under a covenant authorizing the lessor to re-enter and re-let, for the lessee's benefit, upon a vacancy occurring during the term; for the condition that a "vacancy occur during the term" refers to the time specified in the lease, and is satisfied in case of a vacancy occurring during that period, although after the termination of the lease by summary proceedings.

We are of opinion that the justice fell into no error in giving judgment for the plaintiff, and that the judgment should be affirmed, with costs.    All concur.