## LONGOBARDI v. YULIANO.

(Supreme Court, Appellate Term. December 26, 1900.)

1. LANDLORD AND TENANT—DISPOSSESSION OF TENANT—EFFECT ON LEASE— LIQUIDATED DAMAGES THEREIN.

Where the parties to a lease agreed that $200 deposited by the lessee as security in case of his default, or if he was dispossessed by process of law for failure to pay rent, or any cause, should be liquidated damages, without any rebate or allowance, and he was dispossessed for failure to pay one month's rent, which was less than the amount deposited, he cannot recover the balance under Code Civ. Proc. § 2253, providing that issuance of a warrant for removal of a tenant annuls the lease, and all liabilities under it, except that for rent accrued prior to issuance of the warrant; since the provisions of the lease were intended to survive the issuance of such warrant.

2. DAMAGES—LIQUIDATED—PENALTY.

The amount of $200, stipulated to be liquidated damages, is not a penalty, as being forfeited by failure to pay an installment of rent less than that sum, since such sum was to be retained by the lessor, not for failure to pay one installment simply, but all other subsequently accruing installments, and was to be liquidated damages for breach of the covenant to pay rent.

Appeal from municipal court, borough of Manhattan.

Action by Vito Longobardi against Rafaele Yuliano. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Antonio C. Astarita, for appellant.

Vidaver & Josephson, for respondent.

GIEGERICH, J. The action is to recover the sum of $90, the balance of $200, deposited by the plaintiff with the defendant at the time the lease hereafter referred to was executed. The controversy was submitted to the court below upon an agreed statement of facts, which, in summarized form, is as follows: On the 6th day of October, 1896, the plaintiff leased the premises in suit of the defendant for a term of five years and six months from the 1st day of November, 1896, at a rental of $110 per month, payable in advance by the 15th of each month. Among the covenants contained in the lease was the following:

"Whereas, the party of the second part has paid to the party of the first part the sum of $200 security for the faithful performance of the covenants

herein contained on his part: Therefore, in case the party of the second part shall fail to perform each and every covenant herein contained, or in case the party of the said part shall be dispossessed from the premises by due process of law for the nonpayment of rent, or any cause, the party of the first part may retain the said sum of $200 as liquidated damages for the failure of the party of the second part to comply with the agreement as aforesaid. without any rebate or allowance in the event of dispossess. In case, at the expiration of the term, said tenant shall have fully performed the covenants herein contained on his part, the said sum of $200 is to be returned to him by the party of the first part."

The plaintiff took possession under this lease in November, 1896, and on June 27, 1898, was dispossessed for failure to pay rent for that month. The warrant was issued July 1, 1898, and the defendant took possession on that day. The plaintiff claims $90 of the $200 left as security with the defendant, he admitting the defendant's right to retain $110 for the rent for the month of June. The only covenant alleged to have been broken by the plaintiff was that of the nonpayment of rent for the month of June, as above stated. Upon this state of facts the justice gave judgment in favor of the defendant, and the plaintiff has appealed to this court.

As one ground for a reversal the appellant seeks to rely upon the rule established by section 2253 of the Code of Civil Procedure that the issuance of a warrant in summary proceedings for the removal of a tenant from the demised premises operates to annul the lease, and all rights, obligations, and liabilities created with it, with the single exception that the liability will still exist to pay rent accrued prior to the issuance of the warrant; and cites numerous cases in which the rule has been applied. This argument, however, loses sight of the fact that in the present case there is an express covenant in the lease that the $200 in question may be retained by the defendant as liquidated damages "in case the party of the second part shall be dispossessed from the premises by due process of law," and the further similar provision that there shall be "no rebate or allowance in the event of dispossess." It is obvious that these provisions were intended to survive the issuance of a warrant in summary proceedings. Lewis v. Stafford, 24 Misc. Rep. 717, 53 N. Y. Supp. 801.

The remaining point taken by the appellant is that the sum deposited should be regarded, not as liquidated damages, but as a penalty. This contention is based upon the rule "that, where there are several covenants or stipulations in an agreement, some of which are of a certain nature and others uncertain, with one entire sum to be paid upon the breach of any of them, such sum will be regarded as a mere penalty, to give place to an inquiry as to the actual damage sustained by the breach." 13 Am. & Eng. Enc. Law, 865. And the further rule that, where a party agrees to do several things, one of which is to pay a sum of money, and in case of failure to perform any of the stipulations agrees to pay a fixed or larger sum as liquidated damages, such fixed sum is regarded as a penalty; and, being a penalty as to one stipulation, it is as to all. Id. 864; Lampman v. Cochran, 16 N. Y. 275. The appellant argues that, since the full amount of $200 was, under the contract, to be forfeited for the failure to pay an installment of $110, this case falls obviously within the above rule.

A sufficient answer to this contention is that the language of the covenant under consideration fairly discloses the intention of the parties at the time of the execution of the lease that, in the event of the termination of the tenancy of the plaintiff by reason of his default in the payment of the rent reserved before the end of the term, the defendant might retain the said sum of $200, not for failure to pay one installment simply, but all other subsequently accruing installments; and that the parties in this aspect agreed upon said sum as liquidated damages for breach of the covenant to pay rent. That the damages for such a breach are uncertain, and not easily and exactly ascertainable, will be readily seen when the term created by the lease, the rent reserved, and the expense and possible loss of rent, together with the possible delay and difficulty in procuring another tenant on equally good terms for the balance of the term, are considered. The case thus comes clearly within the rule enunciated in Ward v. Building Co., 125 N. Y. 230, 235, 26 N. E. 256, and kindred cases. Bearing in mind the fact that the lease was for a period of five years and six months, and that the rent reserved was at the rate of $1,320 per year, an aggregate of $7,260, of which only $2,090 had been paid up to the time when the plaintiff broke his contract, it would appear, indeed, that the sum deposited was insufficient, rather than excessive. But whether the agreed sum was too great or too small cannot affect the decision of the case. As said by the court of appeals in Watson v. Russell, 149 N. Y. 391, 44 N. E. 162:

"It may be urged that the contrary rule, holding that the damages had been liquidated and fixed at two weeks' salary, is harsh and unjust to the plaintiff in this particular case; but the answer is that courts must enforce contracts as made by the parties."

The case at bar is distinguishable from that of Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358, for the reason that it therein appeared that the sum deposited was to be held merely as security for the faithful performance of the covenants of the lease, the same to be applied as payments of rent on the last three months of the term, provided the lease was not sooner terminated by plaintiff's failure to perform, in which last event it was declared that the sum paid should be forfeited, and become the property of the defendant absolutely. Here the situation is entirely different, the covenant in suit containing, as above noted, the additional provision that the sum in question may be retained by the defendant as liquidated damages in case the plaintiff is dispossessed by due process of law from the demised premises for nonpayment of rent, without "any rebate or allowance in the event of dispossession." It might be argued with some plausibility that when the last installment was reached the tenant would then be under obligation to forfeit $200 for the failure to pay $110; but this is a strange construction of the agreement, and it should not be supposed, in order to defeat the contract, that the parties intended any such unreasonable result. Wherever a deposit, in such a case as this, equals or exceeds the aggregate of the remaining installment of rent, and there are no other covenants for the performance of which the landlord is entitled to retain the full amount of the deposit, it is plain that he should, if the tenant insists,

take the installment out of the deposit, and not call upon the tenant for further payments.

We conclude that the judgment should be affirmed, with costs.