(39 Misc. Rep. 349.)

### LESSER v. STEIN.

(Supreme Court, Appellate Term. November, 1902.)

1. LEASE—CONSTRUCTION—DEPOSIT BY TENANT—LIQUIDATED DAMAGES.

    A lease provided for a deposit by the lessee for security, the same to be applicable to the rent of the last two months of the term, and as liquidated damages on failure to perform. The lease further provided that the landlord, on re-entry, might relet the premises as agent of the lessee, and retain the rent, the lessee to be liable for any resulting deficiency. *Held* that, after dispossessing the lessee for breach of covenant, the lessor could retain the deposit as liquidated damages, notwithstanding Code Civ. Proc. § 2253, provides that the issue of a warrant in summary proceedings cancels all further rights and obligations under the lease.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Bianca Lesser against David Stein. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Isidor Cohn, for appellant.
M. A. Lesser, for respondent.

BLANCHARD, J. The defendant was a tenant of plaintiff, holding under a written lease, and was dispossessed on or about May 19, 1902. Plaintiff sued to recover upon two causes of action: First, the rent of the premises for the month of May, 1902, the sum of $80 and interest; and, second, a claim for $17.50, an alleged balance due for decorative work done at defendant's store by a firm of decorators, and by them assigned to the plaintiff. The defendant admits the first, and as to the second cause of action sets up an alleged counterclaim of $160, paid to the plaintiff as a deposit upon the lease at the time of its execution. The trial of the case in the municipal court resulted in a judgment for the plaintiff upon both causes of action, from which an appeal is made to this court.

There cannot be any doubt as to the course this court should pursue as affecting the second cause of action. A fair conflict was presented by the testimony in regard to that claim, and the trial justice resolved the conflict in plaintiff's favor, with which decision we will not interfere.

In regard to the first cause of action, the plaintiff is, of course, entitled to recover, as it stands admitted on the pleadings, unless the defendant's counterclaim for the recovery of the deposit can prevail. The lease provides:

"By way of better securing the performance of the covenants and conditions of this lease by the party of the second part, he shall (at the time of execution hereof) deposit with the party of the first part the sum of one hundred and sixty dollars ($160), which deposit the party of the first part shall apply to the payment of the last two months' rent limited under this lease, if it was not sooner terminated by the lessee's failure to perform, in which event the sum deposited shall be retained by the lessor as liquidated damages for said lessee's breach, and her necessity to re-enter or to resume possession of said demised premises, whether by due process of law or upon voluntary surrender thereof."

By the terms of said lease the defendant was obligated to suffer the landlord, if obliged to re-enter or resume possession, to "relet the premises as agent of said lessee, and receive and retain the rent therefor," and "to pay said lessor any deficiency that may arise by reason of such reletting," and also "to keep the demised premises in a proper state of repair internally and externally." The defendant contends that his counterclaim must prevail, in the first place, because by section 2253 of the Code of Civil Procedure the issuance of a warrant in summary proceedings operated as a cancellation of all further rights and obligations under the lease. But can it be said that it is now the settled law of this state that, where the lease itself by its provisions shows an intention to have its terms and conditions survive, the provisions of the statute referred to must give way? Longobardi v. Yuliano, 33 Misc. Rep. 472, 474, 67 N. Y. Supp. 902; Michaels v. Fishel, 169 N. Y. 381, 390, 62 N. E. 425. It will be observed that the lease provides that the landlord is to retain the deposit of $160 as liquidated damages if the landlord is obliged either to (1) re-enter, or (2) to resume possession of the premises, whether (a) by due process of law, or (b) upon voluntary surrender thereof. The court must presume, therefore, that the parties intended by this language to give the right to the landlord to retain the deposit wheth-

er or not the landlord was obliged, as in the present case, to resume possession of the premises by due process of law. The other point made by appellant is that the deposit cannot be considered as liquidated damages, but is a penalty, and hence void, and, consequently, that the defendant's counterclaim must prevail. This point was made and disposed of in the case of Longobardi v. Yuliano, supra. See, also, Caesar v. Rubinson, 71 App. Div. 180, 182, 75 N. Y. Supp. 544. We conclude, therefore, that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.

All concur.