CITY OF DETROIT v. PEOPLE'S TELEPHONE CO.

TELEPHONE COMPANIES — FRANCHISE — DEPOSIT — FORFEITURE — STIPULATED DAMAGES.

> Where a telephone company, pursuant to a provision in its franchise, deposited with a city a sum of money, which was to be forfeited in case it should not have its system in operation by a certain date, upon default by the company the city was entitled to retain the deposit as stipulated damages, and was not bound to show special damages. *Whiting* v. *Village of New Baltimore,* 127 Mich. 66, followed.

Error to Wayne; Frazer, J. Submitted November 19, 1903. (Docket No. 137.) Decided March 8, 1904.

*Assumpsit* by the city of Detroit against the People's Telephone Company of Detroit to recover certain inspection charges. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Corliss, Andrus, Leete & Joslyn (Ray B. Morgan,* of counsel), for appellant.

*Timothy E. Tarsney* and *John W. McGrath,* for appellee.

MONTGOMERY, J.  This suit was brought by the city of Detroit to recover from the People's Telephone Company the sum of $1,529, with interest, for certain inspection charges, etc., made in connection with the construction of defendant's telephone system in the streets of the city of Detroit.  Defendant does not dispute plaintiff's claim. Defendant, under a notice of set-off, seeks to recover the sum of $5,000, and interest thereon, which sum was deposited with the city controller under the terms of section 10 of the company's franchise.  This section provides that the company—

"Shall deposit with the controller of said city a certificate of deposit, in the sum of $5,000, as a guaranty for the construction of said plant, which sum shall be forfeited to the city unless said grantee or his assigns shall procure 3,500 *bona fide* subscribers in said city within four months from the acceptance hereof, and also that the plant is in operation as provided in section 5, in which event the said certificate of deposit shall be returned to the said grantee, his successors and assigns."

Section 5, above referred to, as amended, provides that "the construction of said plant shall be commenced within three months from the date of the acceptance of this ordinance, and shall be in operation within 15 months from July 1, 1901."

On the 23d day of November, 1902, the common council, by resolution, declared that—

" It is the sense of this body that the certified check of $5,000, deposited by the People's Telephone Company for the completion and operation of its plant by October 1, 1902, be, and the same is hereby declared to be, forfeited, and the city controller be and is hereby authorized and directed to place the aforesaid sum to the credit of the general fund."

In accordance with this resolution, this money was collected and appropriated by the city.

Upon the trial, the evidence showed that the company had commenced the construction of the plant within the required time, and had procured 3,500 *bona fide* subscribers, as required. But the evidence of defendant also showed that it had not operated the system put in by it, with the exception of some 30 telephones placed in an interior exchange at the Parke, Davis & Co. plant, and also that it was not in position at the time of the trial to supply any more patrons with telephones. The contention of the defendant was that, for any breach of the conditions imposed by section 10, the city was only entitled to such compensation and damages as it could be shown that it suffered by reason of the default of the telephone company, and that, as no such damages were shown, the defendant was entitled to offset the $5,000 and interest, and recover the balance above plaintiff's claim. The circuit judge held otherwise, and directed a verdict for the plaintiff for the full amount claimed.

On the argument, attention of counsel was directed to the case of *Whiting* v. *Village of New Baltimore*, 127 Mich. 66 (86 N. W. 403). We are unable to distinguish that case from the present. In that case, as in this, the municipal body, as such, suffered no damages by reason of the failure of the corporation to comply with the terms of its grant. But it was said that the contract was made by the corporate officers for and in the interest of the inhabitants. It might be added that their damages, likewise, would not be susceptible of proof, and this furnishes a strong reason for holding that the parties intended by their stipulation to treat such damages as liquidated. Indeed, what is said in *Whiting* v. *Village of New Baltimore* is equally applicable here. This is one of that class of cases where the damages for a breach are impossible to be estimated with certainty by reference to any pecuniary standard. In this case, as in that, the parties saw fit to enter into a contract which appears to be plain in its terms.

The recovery of damages by the city was not even postponed, to be secured by an action in the courts; but the fund was actually placed on deposit with the city, with an express stipulation that, upon a failure to comply with the requirements of the charter, it should be forfeited. It is true that the law abhors a forfeiture, but there can be no other construction of this charter than that the defendant was to forfeit this sum as liquidated damages for a failure to fulfill the agreement to construct the plant and operate it as provided in section 5.

The case is in all essentials ruled by *Whiting* v. *Village of New Baltimore, supra*, and the judgment of the circuit court will be affirmed.

The other Justices concurred.