COLDERARO et al. v. KEMPNER.

COLUCCI v. SAME.

(Supreme Court, Appellate Term. November 29, 1907.)

LANDLORD AND TENANT—LEASE—CONSTRUCTION—DEPOSIT BY TENANT—SUMMARY PROCEEDINGS—EFFECT.

A lease required the tenant to make all necessary repairs to the premises, and provided that a sum deposited by him should be regarded as liquidated damages, as security for the rent and for the performance of the covenants of the lease, and that if the premises became vacant, or the tenant should be dispossessed by summary proceedings, the landlord might let the premises for the remainder of the term for account of the tenant, who agreed to make good any deficiency, including the expense of the landlord in re-entering. Held, that the deposit survived the issuance of a warrant in summary proceedings and the dispossession of the tenant thereunder, and that he was liable for any deficiency due the landlord for loss of rent and for expenses incurred by the latter by reason of any breach of the covenants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 745.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Actions by Rosario Colderaro and another and by Domenick Colucci against Ralph E. Kempner. From two judgments in favor of the respective plaintiffs, defendant appeals. Judgment in each case reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Jay C. Guggenheimer, for appellant.

Maurice J. Katz, for respondents.

GILDERSLEEVE, P. J. These cases were tried together. The plaintiffs seek to recover the amounts deposited by them with the defendant as landlord to secure the performance of the covenants of a lease executed between each plaintiff as tenant and the defendant as landlord. In the Colucci Case the amount deposited and for which suit was brought was the sum of $333.33, the amount of rent reserved in the lease was $167.67 per month, and the plaintiff recovered the sum of

$150. In the Colderaro Case the amount deposited was $600; the claim being reduced to $500 to bring it within the jurisdiction of the court. The amount of rent reserved was $308.33 per month, and the amount recovered in the court below $250. The premises in each case were rented to be used as a dwelling for private families and stores, and the leases contained a clause by which the tenants obligated themselves to make all repairs, inside and outside, of whatever nature necessary to keep the premises in as good condition as they were at the date of the lease. They also contained an agreement that the sum deposited should be regarded as liquidated damages, as security for the rent, and as security for the performance of "each and every covenant" contained in the lease, and that "in case of such repossession, or if the premises became vacant, or the tenant dispossessed by summary proceedings, the landlord may let the premises for the remainder of the term for account of the tenant, who agrees to make good any deficiency including the expense of the landlord in re-entering." Some time after the making of the leases and the entry by the tenants they were dispossessed by summary proceedings taken by the defendant as landlord, and these actions were brought prior to the date of termination fixed in the leases, upon the theory that the leases were terminated by such proceedings, and that thereby the plaintiff became entitled to the immediate return of their deposits. In each case the defendant counterclaimed for loss of rent, repairs, etc.

An examination of the terms and conditions of the leases show clearly that it was the intention of the parties thereto that the deposit should survive the issuance of a warrant in summary proceedings, and that the tenants were liable under their covenants to make good any deficiency due the landlord for loss of rent, or any expenses necessarily incurred by him by reason any breach of any of the covenants of the lease. McCready v. Lindenborn, 172 N. Y. 400, 406, 407, 65 N. E. 208; Scott v. Montells, 109 N. Y. 1–4, 15 N. E. 729; Lesser v. Stein, 39 Misc. Rep. 349, 79 N. Y. Supp. 849; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. The record shows no basis for the rendition of the judgment as given herein. Proof on the part of the defendant was given as to loss of rent, etc., and for legitimate necessary expenses, which was disregarded by the court, and the amount of the judgment rendered in each case indicates that it was an arbitrary conclusion, not based upon any evidence. The amount seems to be, practically, one-half of the amount of the plaintiff's claim in each case, and the plaintiffs' attorney can find no warrant in the testimony for the rendering of judgments for the said amounts, and to support the same wanders into the field of speculation. That some of the items of the defendant's counterclaim are not properly chargeable to the plaintiffs, and that some are not properly proven, gives the plaintiffs but little aid in their attempt to support the judgment. The most cursory examination of the defendant's proof establishes that there was no foundation for the amount of the judgment as rendered, and there must be a new trial.

Judgment in each case reversed, and new trials ordered, with costs to appellant to abide the event. All concur.