MALONE *v.* LEVINE.

1. CONTRACTS — CONTRACT RELATING TO LEASE OF BUILDING AND PURCHASE OF FURNISHINGS ONE CONTRACT.

   A preliminary written contract providing for the execution of a 10-year lease of a 31-apartment building and the purchase of its furnishings is to be construed as one contract, and the down payment, which was to be retained by the lessors as liquidated damages in case of lessee's default, may not be treated as relating to the furnishings only.

2. DAMAGES — BREACH OF LEASE — LIQUIDATED DAMAGES PROPER WHERE AMOUNT UNCERTAIN.

   A lease of a 31-apartment building for a term of 10 years is a sale of an interest in land, and is of that class of contracts a breach of which is recognized as resulting in damages of such uncertain and unascertainable money measurement as to justify the court in construing the sum named in the contract to be retained or paid on its breach as liquidated damages rather than a penalty.

3. SAME — LIQUIDATED DAMAGES OF $5,000 NOT EXCESSIVE FOR BREACH OF LEASE INVOLVING $210,000 — PENALTY.

   Where a contract for the lease of a 31-apartment building and the purchase of its furnishings involved a total rental of $210,000, in addition to the cost of the furnishings, a down payment of $5,000, which, under the contract, was to be retained by the lessors as liquidated damages in case of the lessee's default, is not so excessive as to constitute it a penalty rather than damages.

Error to Wayne; Codd (George P.), J.    Submitted February 3, 1927.    (Docket No. 112.)    Decided October 3, 1927.

Assumpsit by Marie Malone against Samuel Levine and another for money paid to bind a contract of leas-

¹Damages, 17 C. J. § 260; ²Id., 17 C. J. § 255; ³Id., 17 C. J. § 255.

ing.    Judgment for defendants on a directed verdict. Plaintiff brings error.    Affirmed.

*Blain & Martz,* for appellant.

*Slyfield, Hartman & Mercer,* for appellees.

STEERE, J.    In the season of 1922 defendants were constructing a 31-apartment building at 647 Lothrop avenue, between Second and Third avenues, in the city of Detroit.    Plaintiff entered into negotiations with them looking to leasing said building, and on December 8, 1922, entered into a preliminary written contract with defendants under which they agreed to lease her the building for 10 years at a total rental of $210,000, payable in monthly installments, purchase for her the furnishings for said apartment building consisting of furniture, bedding, linen, curtains, rugs, etc., and sell them to her with deferred payments.    A copy of the agreed upon but not signed lease was attached to the contract and made a part of it by reference.    Possession was to be given of the property immediately after completion of the building, when the rent would begin. The furnishings defendants agreed to purchase were to be sold to plaintiff at cost price, the terms being $5,000 down upon execution of the contract under consideration, a further sum of $5,000 on or before January 2, 1923, and the balance in consecutive monthly payments of $300 or more, the first payment to be made within 30 days after the lessee took possession of the property, defendants to retain title to the furnishings until fully paid for.    Paragraph 2 of the contract provides:

"Said first parties agree that as soon as said sum of $5,000 is paid to them they will contract for the purchase of furnishings."

Paragraph 10 of the contract further provides:

"The parties hereto agree to execute the attached lease at the time of the payment of said sum of $5,000,

on or before January 2, 1923, but if said sum of $5,000 is not paid on or before January 2, 1923, said first parties shall not be required to execute said lease and shall not be required to lease said apartment building to said second party, and in the event said sum of $5,000 is not paid on or before January 2, 1923, all sums paid hereon shall be retained by said first parties as liquidated damages and all rights of said second party, her heirs and assigns, in and to said premises and said sums so paid, shall cease and be terminated."

On the execution of this contract plaintiff paid defendants the $5,000 down as agreed, but circumstances developed such that she could not, or at least did not, pay the second installment of $5,000 falling due on January 2, 1923. On January 8, 1923, she received a letter from defendants' attorney demanding payment of the same, stating it was then past due and if payment was not made on or before January 10th the agreement would be terminated and the payment theretofore made would, in conformity with said agreement, be forfeited. Plaintiff then took up the matter with defendants and was given, as she stated on cross-examination, "a little time longer" to raise the payment past due. Plaintiff did not raise the money nor tender any payments to defendants thereafter, but testified that in the fore part of February, 1923, she again saw one of the defendants and asked for further time, but was then told by him that even if she had the $5,000 ready it was too late, as they had already canceled their orders for the furnishings. She had some further negotiations with them but they did not come to any agreement on the subject, and defendants retained the $5,000, claiming right to it as liquidated damages under paragraph 10 of their contract. The building was fully completed by the following spring. Plaintiff testified of her observations that they had some of the apartments rented in March and it was "what I call completed, along about the first of April."

This suit was commenced by plaintiff to recover the $5,000 she had paid, on the theory that it was a penalty, which could not be forfeited against her as liquidated damages for breach of contract. On close of plaintiff's testimony, defendants' counsel moved the court for a directed verdict in their favor, which was granted. A motion for a new trial was made and denied, and plaintiff brings the case here for review on writ of error.

The conceded controlling question at issue in this case is whether the $5,000 paid by plaintiff is to be regarded as liquidated damages or a penalty. It is contended for plaintiff that it cannot be considered reasonable damages for nonperformance but is, under the circumstances shown, a penalty, while defendants' counsel contend to the contrary. If the undertaking of plaintiff is, as counsel contend, to be construed as a contract covering only the furnishings, there would be much force in that contention, but we cannot so construe it. The contract of December 8, 1922, not only related to the agreement as to furnishings but with equal force to the lease of an apartment building for a period of 10 years, at a total rental of $210,000. The obligations of the parties as to both those undertakings run together in the same contract, and are directed to the one general purpose.

Upon the legal proposition involved, it is said in 17 C. J. p. 948, with citation of cases:

"An actual deposit by a party to a contract, pursuant to a provision therefor and a stipulation that the amount shall be paid to or retained by the other party in case of default, is held, as a rule, to import an intent to liquidate the damages, and will be so enforced."

Here it was designated as liquidated damages in the written contract between the parties. There is no proof or claim of any fraud, misrepresentation, or bad faith on the part of defendants. Plaintiff was

240—Mich.—15.

experienced in the line of business with reference to which she was contracting, had been conducting a rooming business on Columbia street, saying of it:

"I had sold that place and wanted to get a bigger place, an apartment."

Counsel for defendants, while citing other cases substantially, we think, along the same line, particularly rely on and make special reference to *Jaquith* v. *Hudson*, 5 Mich. 123, an early leading case upon the question of liquidated damages, there exhaustively discussed in an able opinion by Justice CHRISTIANCY. Plaintiff's counsel concede the law to be as there stated and applicable to the instant case. That case has been often cited with approval. Of it, Justice FELLOWS, speaking for this court, said in *Superior Steel Spring Co.* v. *New Era Spring & Specialty Co.*, 215 Mich. 594:

"In the early case of *Jaquith* v. *Hudson*, 5 Mich. 123, Mr. Justice CHRISTIANCY, who wrote for the court, in a masterly and exhaustive opinion fully considered the question and laid down the rule for the consideration of contracts of this character which have been consistently adhered to by this court ever since. After pointing out the reasons and principles which justify the courts in holding that penalties as distinguished from stipulated damages may not be enforced, he says:

"'But the court will apply this principle, and disregard the express stipulation of parties, only in those cases where it is obvious from the contract before them, and the whole subject-matter, that the principle of compensation has been disregarded, and that to carry out the express stipulation of the parties, would violate this principle, which alone the court recognizes as the law of the contract.' * * *

"And in *Ross* v. *Loescher*, 152 Mich. 386, Mr. Justice GRANT said:

"'In cases where it is difficult to accurately determine the damages which one party may suffer by the failure of the other to perform his contract, the parties themselves may agree

upon such sum as in their judgment will be ample compensation for the breach.'

"The following cases among others will be found to have consistently followed the rules announced in the *Jaquith Case: Western Gas Construction Co.* v. *Dowagiac Gas & Fuel Co.,* 146 Mich. 119 (10 Ann. Cas. 224) ; *City of Detroit* v. *Telephone Co.,* 135 Mich. 696; *Germain* v. *Stanton School District,* 158 Mich. 214; *Axe* v. *Tolbert,* 179 Mich. 556, 565; *Randall* v. *Randall,* 37 Mich. 563; *Whiting* v. *Village of New Baltimore,* 127 Mich. 66; *Geiger* v. *Cawley,* 146 Mich. 550; *Jones* v. *Stainton,* 200 Mich. 694."

See, also, *Calbeck* v. *Ford,* 140 Mich. 48.

This is a case involving a large amount in proportion to the stipulated damages named in the contract. It relates in its greatest magnitude to the purchase of an estate, or interest in land. A lease of this apartment property for a period of 10 years is a sale of an interest in land upon which are extensive and valuable productive improvements which might and naturally would deteriorate with all the intervening vicissitudes and changes as to rental value during such term. It is of that class of contracts, a breach of which has been frequently held to be of such an uncertain and unascertainable money measurement as to justify a court in construing the sum named to be retained or paid on breach as liquidated damages and not a penalty.

As a business transaction between the parties, plaintiff has furnished no legal excuse for her failure to carry out her agreement as to both provisions of this contract, and we find no occasion to disturb the conclusions of the trial court that the amount retained by defendants should properly be treated as liquidated damages in harmony with the agreement of the parties.

The judgment will stand affirmed.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.