CENTRAL TRUST CO. *v.* WOLF.

1. LANDLORD AND TENANT—BREACH OF LEASE—LIQUIDATED DAMAGES.

   It is permissible for parties to contract that, in proper circumstances, deposit by lessee as security for performance of lease may also be stipulated damages for its breach.

2. SAME—PARTIES MAY CONTRACT FOR DAMAGES FOR BREACH TO SURVIVE RESTITUTION.

   Generally, re-entry by lessor under writ of restitution precludes recovering damages subsequent to eviction, but parties may contract that provision of lease for damages on its termination because of lessee's default shall survive restitution of premises.

3. SAME—DAMAGES—LIQUIDATED DAMAGES.

   In determining whether deposit by lessee as security for performance of lease was intended as liquidated damages, court does not measure actual damages.

On the question as to whether sum deposited to secure performance of a contract is a penalty or liquidated damages, see annotation in 38 L. R. A. (N. S.) 847.

4. DAMAGES—LIQUIDATED DAMAGES—PENALTY—COMPENSATION.

Agreement of parties for liquidated damages will be disregarded and provision treated as penalty only where it is obvious from contract that principle of compensation has been disregarded.

5. LANDLORD AND TENANT—DAMAGES—LIQUIDATED DAMAGES—COMPENSATION FOR BREACH.

In view of whole subject-matter of lease, which was of brick garage, for ten years, for total consideration of $54,000, payable $450 per month, provision that lessee's deposit of $3,000 should be paid to lessor on legal termination of lease on account of lessee's default does not disregard principle of compensation, and, under circumstances, may be treated as agreement by parties for liquidated damages.

6. DAMAGES—LIQUIDATED DAMAGES—COMPENSATION.

Where contract is such that damages for its breach would be of uncertain and unascertainable money measurement, agreement of parties for liquidated damages is accepted as most practicable mode of ascertaining just compensation.

7. SAME—LIQUIDATED DAMAGES—INTENT OF PARTIES—PENALTY.

In determining whether provision in contract for its breach is penalty or liquidated damages, intent of parties is not important, but question is whether sum is, in fact, in nature of penalty.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 8, 1931. (Docket No. 15, Calendar No. 35,504.) Decided June 1, 1931. Rehearing denied September 10, 1931.

Bill by Central Trust Company, a Michigan corporation, depositary, against T. Wolf, lessor, and Claude L. Jacobs, lessee, to determine ownership of deposit under a lease. From decree entered, defendant Wolf appeals. Modified and affirmed.

*Ernest C. Smith,* for defendant Wolf.

*Pierce & Planck* and *James R. Ramsey,* for defendant Jacobs.

CLARK, J. The bill prays that defendant Wolf, lessor, and defendant Jacobs, lessee, interplead that it may be determined to whom plaintiff shall pay money deposited with it pursuant to the lease.

The lease, made in March, 1928, covers a two-story brick building in Lansing, and is for a term of ten years for a total sum of $54,000, payable $450 per month.

The question is on the following from the lease:

"The said party of the second part (Jacobs), in order to secure the performance of the terms, covenants and conditions of this lease, agrees to deposit with the Central Trust Company of Lansing, Michigan, three thousand ($3,000) dollars, the said sum to be deposited with the Central Trust Company, as trustee upon the following trust, to-wit, to secure the payment of the rent accruing under this lease as the same shall become due and to further secure the performances by second party of the other conditions and covenants herein contained. All interest credited by the said Central Trust Company on said deposit to belong to the second party. The second party hereby expressly directs the said Central Trust Company of Lansing, Michigan, to immediately pay to the party of the first part the aforesaid sum of three thousand ($3,000) dollars upon the legal termination of this lease on account of the failure of the second party to perform the conditions, covenants and agreements herein contained."

In July, 1929, when the lessee was in arrears for rent nearly two months, the lessor brought summary proceedings and had judgment and recovered possession, the lessee quitting just before execution of writ of restitution.

The building as constructed could be used conveniently only for a garage, and it was so used by

the lessee. At the time of the trial, in November, 1929, the lessor, although he had posted a "For Rent" sign on the building and had employed several real estate agents for the purpose, had failed to find another tenant for the building. By use of a part of it he had received nearly $300, but his then loss, having reference to the rent fixed by the lease, was considerably in excess of $2,000. The record is that opportunity to rent is limited, as the building can be used conveniently only for a garage.

Upon the termination of the lease, the lessor demanded of plaintiff, depositary, the sum of $3,000 as full damages stipulated in the lease. The lessee's position is that the sum deposited was security only, that the lessor may have no more than accrued rent, and that the last sentence of the above quotation from the lease provides a penalty, not stipulated damages.

The decree makes proper allowance to plaintiff, and this provision, concededly, must be affirmed.

The decree awards to the lessor $717.55 unpaid rent to the time he recovered possession, and it gives to the lessee the remainder of the fund. The lessor has appealed.

The deposit was expressly for security, and, while the word damages or the words stipulated damages were not used, it may nevertheless be for damages. It is payable to the lessor "upon the legal termination of this lease on account of the failure of second party to perform conditions, covenants," etc.

Of course the deposit was security. It was permissible for the parties to contract that in certain proper circumstances it might also be stipulated damages. 1 Underhill, Landlord and Tenant, § 369; 36 C. J. p. 301.

It is urged that the stipulation here falls within the rule of *Noble* v. *Sturm,* 210 Mich. 462, quoting from syllabus:

"A sum of money deposited by the lessees with the lessor as a guaranty for the faithful performance of all the covenants of the lease by said lessees, and, under the terms of the lease, to be retained by the lessor as liquidated damages in case of lessees' default in the performance of any of the covenants of said lease, the least as well as the most important, or the whole of them together, must be regarded as a penalty and not liquidated damages."

But in the case at bar the sum is not payable upon any default in performance by lessee. It is payable only upon a legal termination of the lease on account of the lessee's failure to perform conditions, covenants, etc. Legal termination was produced here in a usual manner—a statutory summary proceeding.

Generally, re-entry by the lessor and surrender by the lessee in obedience to writ of restitution precludes recovering damages subsequent to eviction. But the parties may contract that the provision of the lease for damages upon termination of the lease because of default of the lessee shall survive the restitution of the premises. *Stott Realty Co.* v. *United Amusement Co.,* 195 Mich. 684; *Longobardi* v. *Yuliano,* 33 Misc. 472 (67 N. Y. Supp. 902); 1 Underhill, Landlord and Tenant, § 369; *Barrett* v. *Monro,* 69 Wash. 229 (124 Pac. 369, 40 L. R. A. [N. S.] 763).

It is clear that the parties here intended and agreed that the provision in question should not be cut off by the re-entry by the lessor. We are not to measure here actual damages, but to determine

whether damages were stipulated as urged by appellant.

The agreement of the parties for damages will be disregarded and the provision treated as a penalty "only in those cases where it is obvious from the contract * * * and the whole subject-matter, that the principle of compensation has been disregarded." *Jaquith* v. *Hudson*, 5 Mich. 123.

A consideration of the term, the total to be paid, the monthly installment, the character of the premises, the whole subject-matter, including the view of damages probable on termination for default by lessee, and that the sum named is not out of all proportion to any damages that could arise, leads to the conclusion that the principle of compensation was not here disregarded. 17 C. J. p. 945; 2 Joyce on Damages, p. 1437; 19 Ann. Cas., p. 215, note. And, on this record, we may class this case with a line of cases where damages are uncertain and in which the agreement of the parties is accepted as the "most practicable mode of ascertaining the sum which will produce just compensation." *Jaquith* v. *Hudson, supra.* See *Malone* v. *Levine,* 240 Mich. 222, a case quite closely in point, from which we quote:

"This is a case involving a large amount in proportion to the stipulated damages named in the contract. It relates in its greatest magnitude to the purchase of an estate, or interest in land. A lease of this apartment property for a period of 10 years is a sale of an interest in land upon which are extensive and valuable productive improvements which might and naturally would deteriorate with all the intervening vicissitudes and changes as to rental value during such term. It is of that class of contracts, a breach of which has been frequently held

to be of such an uncertain and unascertainable money measurement as to justify a court in construing the sum named to be retained or paid on breach as liquidated damages and not a penalty.''

See, also, 17 C. J. p. 958, and cases cited; *Longobardi* v. *Yuliano, supra; Barrett* v. *Monro, supra; Ross* v. *Loescher,* 152 Mich. 386 (125 Am. St. Rep. 418); *Calbeck* v. *Ford,* 140 Mich. 48; *Jones* v. *Stainton,* 200 Mich. 694.

On the question of whether the provision is a penalty or liquidated damages, we are not construing the contract with reference to intention of the parties. Intent is of no practical importance. The question is not what the parties intended but ''whether the sum is, in fact, in the nature of a penalty.'' See *Jaquith* v. *Hudson, supra,* a well-reasoned and logical opinion by Mr. Justice Christiancy. Many authorities, however, profess to accept as the guiding star in this question the intention of the parties, and, accordingly, accept the rule that determination must be in the light of circumstances surrounding the parties at the time of execution of the contract. See 17 C. J. p. 935, and cases cited. Our own cases are chiefly to the effect that the fact situation on the question above stated should be developed as of the time of making the contract, not as of the time of breach. It may be doubted that what the contract was in fact may rest upon the eventuality of damage consequent upon breach, but in many cases the actual resulting damages have been considered in determining the question. See *Axe* v. *Tolbert,* 179 Mich. 556; *Caesar* v. *Rubinson,* 174 N. Y. 492 (67 N. E. 58); *Hathaway* v. *Lynn,* 75 Wis. 186 (43 N. W. 956, 6 L. R. A. 551). But, as counsel do not stress the point, and, as we reach conclusion in the case at bar without attach-

ing importance to the showing of actual damages above stated, the matter is passed.

The lessor is entitled to the whole of the deposit as his stipulated damages, less sum decreed to plaintiff.

Decree will be modified accordingly, and, as so modified, affirmed, with costs to lessor against lessee.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.