OMAHA COUNTRY CLUB, A CORPORATION, APPELLEE, V. MARIE A. DWORAK ET AL., APPELLANTS.

183 N. W. 2d 264

Filed January 29, 1971. No. 37558.

Cassem, Tierney, Adams & Henatsch, Daniel J. Duffy, Abrahams, Kaslow & Cassman, Gross, Welch, Vinardi, Kauffman, Schatz & Day, and Frost & Meyers, for appellants.

John W. Delehant and Robert J. Huck, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for declaratory relief brought by the Omaha Country Club, a corporation. The defendants are the owners of land which was leased to the plaintiff by four separate leases executed in 1923. This action was brought to determine the rights of the parties under the leases.

Each lease is denominated "NINETY-NINE YEAR LEASE" and contains the following provisions:

"WITNESSETH: The lessors, in consideration of the rents herein reserved, and of the covenants and agreements herein contained on the part of the lessee to be kept and performed, do by these presents demise and lease unto the said lessee, real estate in the County of Douglas and State of Nebraska, known and described as follows, to-wit: * * *." (Legal description of property omitted.)

"TERM

"TO HAVE AND TO HOLD THE above described real estate * * * unto the said lessee for and during the term of ninety-nine years (99), commencing on the first day of May, A.D., 1923, and ending on the thirtieth day (30) of April, A.D., 2022, unless said term be sooner terminated as hereinafter provided.

"The parties hereunto, each in consideration of the covenants of the other herein expressed (and the lessee in consideration, further, of the above demise) do hereby covenant unto and with each other as follows, to-wit:

## "RENEWAL

"FIRST: The Lessee, at its option, at the expiration of fifty years, shall have the right to renew the term hereof for an additional forty-nine years, upon reappraisal of said premises by three appraisers (one appointed by lessor and one by lessee and a third to be selected by the two so selected) who shall appraise the land on a just and equitable basis and upon that basis a rental shall be paid by lessee of four per centum per annum net to lessors and upon the same conditions herein. Said option shall be exercised by notifying the lessors in writing six months before the expiration of the fifty year period.
\* \* \*

## "RENT

"THIRD: The lessee covenants that it will pay to the lessors as rent for the demised premises for and during the said term of ninety-nine (99) years as follows: A sum of money equivalent to Fifteen Dollars ($15.00) per acre per year for each and every year of the term herein provided for, which rental \* \* \* shall be payable in ninety-nine equal installments, the first installment to be paid upon the execution and delivery of this lease, and thereafter one of said equal installments shall be payable on the first day of May of each year during the term. \* \* \*

## "TAXES, ETC.

"FOURTH: The lessee further covenants and agrees to and with the lessors to pay, as additional rent for the demised premises, promptly when due, and in the name of the lessors, all water rates and all taxes, charges, liens, penalties, assessments, and all other impositions, general and special, ordinary and extraordinary, of every kind and nature whatsoever, (except inheritance and income taxes) which may hereafter during the life of

this lease be levied, imposed or assessed, upon the land hereby demised * * *; it being understood that the first general annual taxes to be paid by the lessee shall be the 1923 State and County taxes, and the last general taxes to be paid by the lessee shall be the taxes levied for the year A.D., Two Thousand and Twenty-one (2021)."

The plaintiff contends that the leases provide for initial terms of 99 years at a rental of $15 per acre with an option to renew for an additional 49 years commencing May 1, 2022, at a rental of 4 percent of the appraised value to be determined in 1973. The defendants contend that the leases provide for initial terms of 50 years at a rental of $15 per acre, with an option to renew for an additional 49 years commencing May 1, 1973, at a rental of 4 percent of the appraised value to be determined in 1973. The trial court found generally for the plaintiff, and the defendants appeal.

A lease is to be construed as any other contract. Wattles v. South Omaha Ice & Coal Co., 50 Neb. 251, 69 N. W. 785. The intent of the parties is to be determined from the whole instrument and is controlling if consistent with the rules of law. § 76-205, R. R. S. 1943; Towle v. Morrell, 129 Neb. 398, 261 N. W. 827. A written contract which is couched in clear and unambiguous language is not subject to a construction other and different from that which flows from the language used. Bishop Cafeteria Co. v. Ford, 177 Neb. 600, 129 N. W. 2d 581.

The controversy in this case results from an apparent conflict between the renewal provision and the other provisions in the leases. Except for the language in the paragraph designated "RENEWAL FIRST," the leases clearly provide for an initial term of 99 years. There is no conflict if the renewal clause is understood to relate only to the lessee's option to renew and not to the duration of the initial term of the leases. Under this interpretation the renewal clause fixes the time when the lessee's option to renew must be exercised, but the re-

newal term does not commence until the end of the initial 99-year term.

The defendants argue that the construction adopted by the trial court is unusual and extraordinary, largely because of the 49-year interval between the appraisal of the property and the time when the rental based upon the appraisal becomes effective. The defendants argue that an appraisal made in 1973 will be outdated and have no significance in 2022.

The parties could have incorporated a formula in the leases whereby the rental would have been adjusted periodically to take into account some of the changes in values which would occur during the terms of the leases. The parties determined otherwise and (except for taxes) adopted a plan whereby the rentals are fixed amounts for the initial terms and the renewal terms of the leases.

The rental to be paid during the last 49 years of a 99-year lease with a fixed rental is determined 50 years before it will be paid. The parties may have considered that a rental based on a 1973 appraisal is a reasonable compromise between a fixed rental for both terms, determined in 1923, and an appraisal at the end of 99 years to determine the rental for the renewal term. The construction adopted by the trial court is not unusual or unreasonable when the plan of the leases is considered.

The leases contained provisions indemnifying the lessors from all liens or charges against the premises as a consequence "of any act or omission of the lessee," or of "the existence of the lessee's interest under this lease," and any "liability, loss, cost, damage, or expense (including attorney fees)," on account of use of the premises for illegal purposes, failure of the lessee to satisfy obligations under the leases, accidents, liability of the lessors on the premises without fault, or arising out of law or governmental regulation. The provisions referred to have no application to a dispute between the parties as to the interpretation or construction of the

leases. The contention of the defendant Marie A. Dworak to the contrary is without merit.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.