TIMMERMAN BROS., INC., A NEBRASKA CORPORATION, APPELLANT, V. STANLEY QUIGLEY ET AL., APPELLEES.

251 N. W. 2d 877

Filed March 30, 1977. No. 40832.

Ronald D. Mousel, for appellant.

Sarah Jane Cunningham, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCown, J.

The plaintiff, Timmerman Bros., Inc., brought this proceeding against the defendants to obtain an equitable owner's share of the proceeds of a wheat crop harvested by defendants from land sold to the plaintiff by defendants. The District Court entered judgment for the defendants and plaintiff has appealed.

In the spring of 1973, the plaintiff, Timmerman Bros., Inc., decided to purchase certain lands located near McCook, Nebraska, for the operation of a commercial feedlot. The land consisted of several tracts owned by several different owners. Plaintiff prepared a form of real estate purchase agreement and began to negotiate and submit purchase and sale agreements to the various owners. Plaintiff hoped to close the various purchases and begin construction in late summer of 1973. By June 27, 1973, all the landowners had signed real estate purchase agreements with plaintiff. The defendants signed a purchase agreement form June 8, 1973. The agreement was executed by the plaintiff on June 20, 1973, and mailed to the defendants' attorney on July 5, 1973.

The agreement provided that defendants would furnish an abstract showing good and marketable title within 15 days, and that closing was to be 15 days after the sellers had furnished an acceptable abstract. The agreement recited that other parcels of land were being purchased also and gave the plaintiff the right to declare the agreement null and void in the event it was unable to close the purchases on all the parcels of land. The agreement also provided that plaintiff was to have possession of the land at the closing, subject to specific provisions for growing crops. Title difficulties arose in connection with some of the tracts of land other than the defendants' and closing was deferred. Plaintiff obtained permission for an early entry to commence con-

struction. Construction began July 15, 1973, but none of the construction was on the particular part of the land involved here.

On August 20, 1973, defendant, Anna Quigley, received an advance payment of $10,000 on the purchase price to permit her to make a payment on a new home. As security for the advance, the defendants signed a deed to the property and deposited it with their attorney to be held until the actual closing.

In August 1973, the defendant, Stanley Quigley, and his son prepared the 79.2 acres of wheat ground for planting by disking and fertilizing it. In late August 1973, Stanley talked to one of the officers of the plaintiff and told him that if the contract was not closed by September 1, 1973, he was going to plant the wheat and have possession of the wheat ground. On September 2 or 3, 1973, the defendant, Stanley Quigley, planted the wheat.

The closing on the contract finally took place October 22, 1973. Approximately 90 days thereafter Anna Quigley moved from the residence. On June 21 and 22, 1974, the defendant, Stanley Quigley, returned and harvested the 79.2 acres of wheat he had planted in September of 1973. The plaintiff sought to recover one-third of the proceeds as the owner's share. The District Court entered judgment in favor of the defendants, and this appeal followed.

The basic issue on this appeal is whether the provisions of the purchase and sale contract as to growing crops are clear and unambiguous or whether those provisions are ambiguous and therefore subject to interpretation.

Paragraph 8 of the contract deals specifically with the issue. It provides: "Seller agrees to give possession of the Land to Buyer at the Closing; provided, that Seller shall retain the right to use any portion of the Land on which growing crops are located at the time of the Closing until such crops have

been harvested by Seller, and such growing crops shall belong to Seller.'' The remaining language of paragraph 8 also provides that if the buyer requires possession of any portion of the land on which growing crops are located prior to the harvesting of such growing crops, the buyer shall have the right to take possession of the land upon payment to the seller of the then estimated market value of the growing crops upon harvest.

The provisions of the contract with respect to growing crops are neither vague nor uncertain. Neither the language nor the meaning is ambiguous. An unambiguous contract is not subject to interpretation or construction, and the intent of the parties must be determined from its contents. Inland Drilling Co. v. Davis Oil Co., 183 Neb. 116, 158 N. W. 2d 536.

Even if there were some uncertainty as to its meaning, the contract would have to be construed against the plaintiff since the plaintiff prepared it. A contract will be construed most strongly against the party preparing it when there is a question as to its meaning. Omaha P. P. Dist. v. Natkin & Co., 193 Neb. 518, 227 N. W. 2d 864. There is no evidence that defendants had any reason to suppose that the plaintiff interpreted the provisions of paragraph 8 in any sense different than its language indicated.

Plaintiff's remaining assignments of error are without merit and do not require discussion. The judgment of the District Court was correct and is affirmed.

AFFIRMED.