WAYNE T. SACHER ET AL., APPELLANTS, V.
TACO GRANDE OF IOWA, INC.,
A CORPORATION, ET AL., APPELLEES.

313 N.W.2d 257

Filed December 11, 1981. No. 43429.

William E. Pfeiffer of Spielhagen, Pfeiffer & Miller Associates for appellants.

Ronald H. Stave and J. Michael Coffey of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an appeal in a jury-waived action for damages arising out of a lease agreement and written guarantee. The District Court entered judgment in favor of the plaintiff lessors for $5,170.48, and they have appealed.

The pertinent facts have been stipulated or are without dispute. Plaintiff lessors entered into the lease on March 24, 1969, with Golden Wishbone, Inc., a Nebraska corporation, for a term of 15 years. In August of 1971 Golden Wishbone assigned the lease to the defendant Taco Grande of Iowa, Inc. The lessors consented to the assignment, and performance of the lease conditions was guaranteed by the individual defendants. Taco Grande vacated the premises in the early part of 1978 and failed to make any rental payments for approximately 4 months before lessors took any action. On May 4, 1978, lessors served notice on Taco Grande that the lease was terminated for failure to make required rental payments. Following termination, lessors made some repairs to the building, and then relet the premises. The new rental payments were approximately $200 a month less than those set forth in the original lease. The rental loss after termination and the expenses incurred in the reletting totaled approximately $20,000. Rentals accrued prior to termination, and the reasonable value of necessary repairs, amounted to $5,170.48.

The District Court entered judgment against the defendant lessee and the defendant guarantors in the

sum of $5,170.48, but denied recovery for damages accruing after the lessors had elected to terminate the lease and given written notice of termination to the lessee. The plaintiff lessors have appealed. \

The applicable provision of the lease is Article X, relating to default: "Should default be made by the LESSEE in the payment of the rental herein provided . . . then . . . the LESSORS may, if the LESSORS so desire, declare this lease terminated, and the LESSORS may re-enter said premises and hold and enjoy the same thenceforth as if these presents had not been made, *without prejudice, however, to any right of action or remedy* of the LESSORS in respect to any breach by the LESSEE of any of the covenants herein contained. *In case LESSORS do not elect to take advantage of the right to terminate this lease conferred by the foregoing provision of this paragraph,* the LESSORS shall nevertheless have and LESSORS are hereby expressly given the right to re-enter the said premises, with or without legal process, should any of the events hereinbefore specified take place or occur, and to remove . . ., and if the LESSORS so desire, to relet the said premises or any part thereof upon such terms and to such person or persons and for such periods as may seem fit to the LESSORS, and in case of such reletting, the *LESSEE shall be liable to the LESSORS for the difference between the rents and payments herein reserved* and agreed upon for the residue of the entire stipulated term of this lease *and the net rent for such residue of the term realized by the LESSORS by such reletting,* such net rent to be determined . . . ." (Emphasis supplied.)

The lessors contend on appeal that the language "without prejudice, however, to any right of action or remedy of the LESSORS in respect to any breach by the LESSEE of any of the covenants herein contained," appended to the provision authorizing termination, lets the lessors terminate the lease and, at the same time, retain and enforce any rights they had under the lease

as if they had not elected to terminate.

The general rule is that a termination of a lease which the lessor elects to assert does not terminate accrued liabilities, including accrued rent, under an option for termination, but it does terminate liabilities to accrue in the future, such as rent, except where, by express provision in the lease, termination is not to affect the accrual of such liabilities. See, 49 Am. Jur. 2d *Landlord and Tenant* §§ 1013 and 1054 (1970); 52 C.J.S. *Landlord & Tenant* § 490 (1968); Restatement (Second) of Property § 12.1 (1977). Comment g to § 12.1 of the Restatement states at 389: "The obligation of the tenant to pay rent does not arise for any period after the lease is terminated. The parties to the lease may provide that the tenant will continue to make payments in an amount equal to the rent he had been paying, or in some other amount, when the lease is terminated prematurely. Under such an agreement, the landlord may collect these payments, but the payments due will not be rent, and this may have important remedial significance . . . ."

In the present case the critical "without prejudice" language with respect to breaches of the lease covenants by the lessee did not specify whether it applied to breaches which occurred prior to termination or after termination, and in that respect was, at best, ambiguous. The trial court held that the critical language gave the lessors all legal rights existing in connection with a termination and, in effect, determined that the critical language referred to breaches of covenants by the lessee which had occurred prior to termination and did not apply to breaches of covenants occurring after termination. The trial court found that the lessors had two separate alternative remedies set out in the lease in the event of the lessee's breach of covenant to pay rent and that lessors had elected the remedy of termination.

This court has consistently held that a contract will be construed most strongly against the party preparing

it when there is a question as to its meaning. *Timmerman Bros., Inc. v. Quigley*, 198 Neb. 129, 251 N.W.2d 877 (1977). In that respect a lease is to be construed the same as any other contract. See *Omaha Country Club v. Dworak*, 186 Neb. 336, 183 N.W.2d 264 (1971). In the case at bar the lessors drew the lease and elected to terminate it. The trial court construed the lease and that construction is consistent with the lease as a whole.

Courts in other states have construed similar lease provisions in favor of the lessee. See, *Schuldes v. Wubbolding*, 15 Ariz. App. 527, 489 P.2d 1229 (1971); *Stella v. DePaul Community Health Center*, 642 F.2d 258 (8th Cir. 1981).

In the case now before us a jury was waived. The trial court considered the facts and the law and construed the language of the lease in favor of the lessee. The evidence supports the judgment of the District Court.

AFFIRMED.

KRIVOSHA, C.J., and WHITE, J., concur in result.

BOSLAUGH, J., dissenting.

The provision in the lease which preserved the lessor's action for damages for breach of the lease in the event of termination was not unusual or illegal. See, 49 Am. Jur. 2d *Landlord and Tenant* § 1056 (1970); *Central Trust Co. v. Wolf*, 255 Mich. 8, 237 N.W. 29 (1931); Annot., 99 A.L.R. 42 (1935); Restatement (Second) of Property § 12.1, Comment g (1977). It was not ambiguous and the construction of the lease presented only a question of law.